IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

No. 1: 25-cv-2471

**FRITZ EMMANUEL LESLY MIOT; RUDOLPH CIVIL; MARLENE GAIL NOBLE; MARICA MERLINE LAGUERRE; and VILBRUN DORSAINVIL,**

*Plaintiffs*,

v.

**DONALD J. TRUMP, President of the United States of America; UNITED STATES OF AMERICA; THE DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, Secretary of Homeland Security,**

*Defendants*.

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR STAY**

The American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") and several of its affiliated unions, the Service Employees International Union ("SEIU"), the American Federation of Teachers ("AFT"), the United Food and Commercial Workers International Union ("UFCW"), UNITE-HERE, National Nurses United ("NNU") the International Union of Electrical Workers—Communications Workers of America ("IUE-CWA"), and the International Union of Bricklayers and Allied Craftworkers ("BAC") (collectively, "Labor *Amici*") through counsel, move this Court to grant leave to file an *amici curiae* brief pursuant to Local Rule 7.2(b) in support of Plaintiffs' pending Motion for a Stay pursuant to 5 U.S.C. § 705. ECF No. 26.

1

Labor *Amici* have conferred with counsel for Plaintiff and Defendants. Plaintiffs consent to the proposed filing, and Defendants take no position.

The AFL-CIO is a federation of 63 national and international labor organizations with a total membership of over 15 million working men and women who are employed in every sector of this country. The remaining Labor *Amici* are affiliated unions to the AFL-CIO who represent large numbers of Haitian TPS holders employed in the health care, education, meatpacking, hospitality, manufacturing, and other industries.

The instant case relates to a decision taken by the U.S. Department of Homeland Security ("DHS") to terminate the designation of Haiti for Temporary Protected Status ("TPS") solely on grounds that further extensions would be "contrary to the national interest of the United States." 8 U.S.C. § 1254a(b)(1)(C). This decision, if found to be lawful, would lead to loss of legal immigration status for over 300,000 Haitians nationwide, accompanied with a loss of work authorization for those TPS holders who are in the workforce, many of whom are union members. This decision will reverberate through the U.S. labor market and will have profound impact on Labor *Amici* and their members. First, Labor *Amici* will suffer a loss of dues-paying members, many of which have proven themselves to be worker-leaders, and be left scrambling to provide legal support to assist such members in determining whether they have alternate bases for lawful status. Second, other members of Labor *Amici* who do not directly lose employment authorization as result of DHS's challenged decision will suffer a deterioration in their terms and conditions of employment, as sector-specific labor shortages are exacerbated and valuable co-workers are compelled to exit the workforce en masse.

Labor *Amici*'s amicus brief is desirable because Plaintiffs, a putative class of individuals, are not able to adequately present information about the nationwide workforce impact of

Defendants' actions, while Labor *Amici* have such information in their possession. The workforce impact, in turn, is relevant to the disposition of Plaintiffs' motion for two reasons. First, it is germane to assessing where the public interest lies, which is a key factor that the Court must weigh in determining whether to issue equitable relief generally, or a stay under 5 U.S.C. § 705 specifically. Secondly, to the extent that the Secretary of Homeland Security based her determination that an extension of Haiti's TPS designation was "contrary to the national interest" in any part on an unexplained assumption that it led to an "adverse effect on U.S. workers," Labor *Amici*'s amicus brief shall demonstrate that such a determination is arbitrary and capricious. Accordingly, the amicus brief will buttress Plaintiffs' claims on the merits as well.

Labor *Amici* file this motion and proposed amicus brief on August 27, 2025, one week after the filing of Plaintiffs' motion, and prior to the time allotted for Defendants' opposition. Accordingly, this motion is timely and does not unduly delay the Court's ability to rule on any matters pending before it.

District courts have "broad discretion to allow amicus briefs when they provide unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Washington All. of Tech. Workers v. DHS*, 50 F.4th 164, 193 (D.C. Cir. 2022) (internal quotation marks and modifications omitted). That standard is met here.

For the reasons stated above, Labor *Amici* respectfully request that the Court grant their motion for leave to file a brief amicus curiae.

Respectfully submitted,

/s/ Matthew Ginsburg
Matthew Ginsburg (DC Bar No. 1001159)
Andrew Lyubarsky* (DC Bar No. 888304116)
AFL-CIO
815 Sixteenth Street, N.W.
Washington, DC 20006
mginsburg@aflcio.org
(202) 637-5397

*Application to appear pro hac vice pending

ATTORNEYS FOR LABOR *AMICI*

Dated: August 27, 2025