UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRITZ EMMANUEL LESLY MIOT, et al.,

        Plaintiffs,

  v.

DONALD J. TRUMP,
President of the United States, et al.,

        Defendants.

Civil Action No. 25-2471 (ACR)

**OPPOSITION TO MOTION TO WAIVE PRE-MOTION CONFERENCE
REQUIREMENTS AND TO SET BRIEFING SCHEDULE**

By and through undersigned counsel, Defendants respectfully oppose Plaintiffs' motion to waive the Court's pre-motion conference requirements and to truncate the government's period to respond to the complaint.  ECF No. 41 ("Pls.' Mot.).

Plaintiffs appear to believe that rules of civil procedure do not apply to them.  They argue that this case "needs to be resolved quickly."  Pls.' Mot. at 1. But they filed this matter on July 30, 2025—twenty-nine days after the action they complain about occurred.  Defendants were served on August 4, 2025, making the deadline to answer or otherwise respond to the Complaint October 3, 2025.  *See* ECF No. 24.

Despite taking their time to press this matter, they now seek to truncate the time set in the rules for the government to respond.  Citing no legal authority for such an approach, Plaintiffs' invite this Court to ignore Federal Rule of Civil Procedure ("Rule") 12(a)(2), which provides that "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."  The Court should decline Plaintiffs' invitation

to commit legal error.  The Rules are "as binding as any statute duly enacted by Congress."  *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988); 28 U.S.C. § 2072(b).  Accordingly, the government is duly entitled to the sixty days it is afforded under the Rules to respond.

That Defendants in this matter initially considered filing a combined motion to stay and a motion to dismiss is of no matter.  And that Defendants have previously filed combined oppositions and motions to dismiss in different matters is of no consequence.  Instead, it demonstrates that when the government believes that is the preferred approach, it voluntarily takes that step.  But here Defendants should not need to explain why they decided to adhere to the default process under Rule 12(a)(1), the Court's Standing Order, and the Court's August 26, 2026, Minute Order requiring only an opposition to Plaintiffs' motion to stay.  Defendants intend to file a motion to dismiss this matter, and Defendants respect and fully intend to comply with the Court's Standing Order governing the process the Court uses to consider and brief those motions.  Importantly, Defendants do not ask this Court for special treatment in waiving any such requirements—that request is Plaintiffs' alone.

Putting aside that the Rules do not require the government to file a dispositive motion at this juncture, the undersigned manages a voluminous and complex docket, and as stated in her motion for an extension, is currently dealing with unexpected family difficulties.  In response, Plaintiffs recklessly suggest that the government is "slow walking" this matter.  This is completely false.  The government is doing what is required of it in this matter while simultaneously balancing the needs of, and the allocation of resources to, the many, many other matters pending before this court —with nearly-one-hundred of those matters assigned to undersigned counsel.  Affording special treatment to Plaintiffs in this case would run to the detriment of dozens of other cases with imminent due dates.

If Plaintiffs want the government to file a combined opposition and motion to dismiss, the government can do so on October 3, 2025.  Or the government can file its opposition to Plaintiffs' motion to stay on September 10, 2025, as the Court ordered on August 28, 2025, and respond to the Complaint when it is due.  But the Rules do not require an earlier response, and Plaintiffs offer no support for their assertion that they are entitled to one.

Moreover, contrary to Plaintiffs' suggestions, there is no emergency in this case.  Any termination of temporary protected status for Haiti may occur no earlier than February 2026 under the current circumstances.  If those circumstances change, Plaintiffs can seek to move this case along on an emergency basis.  But for now, there is no conceivable basis other than Plaintiffs' preference to take the unprecedented step of truncating the government's period to respond to the complaint in this action.

Therefore, the undersigned respectfully requests that the Court deny Plaintiffs' motion.  A proposed order is attached herein.

Dated: August 29, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division

By: _____/s/ Kaitlin K. Eckrote_____
    KAITLIN K. ECKROTE, D.C. Bar #1670899
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2485
    Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*