IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRITZ EMMANUEL LESLY MIOT; RUDOLPH CIVIL; MARLENE GAIL NOBLE; MARICA MERLINE LAGUERRE; and VILBRUN DORSAINVIL,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States of America; UNITED STATES OF AMERICA; THE DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, Secretary of Homeland Security.<br><br>*Defendants*. | Case No. 1:25-cv-02471<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' MOTION FOR**

**CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

**INTRODUCTION**

Plaintiffs move for class certification and the appointment of class counsel under Federal Rule of Civil Procedure 23(a) and (b)(2).[1]

Plaintiffs are Haitian nationals whose Temporary Protected Status ("TPS") allows them to live and work in the United States. Plaintiffs bring this class action under the Administrative Procedure Act ("APA"). Invoking the APA's traditional remedy, they ask that the Court "set aside"—*i.e.*, vacate—Secretary of Homeland Security Kristi Noem's termination of Haiti's TPS designation as, *inter alia*, an "arbitrary [and] capricious" act that was taken "without observance of procedure required by law" and is "contrary to constitutional right [and] power." 5 U.S.C. § 706(2).

Although, given the nature of the remedy afforded by the APA, Plaintiffs do not believe that class certification is necessary for the relief Plaintiffs seek to extend to all Haitian TPS holders, Plaintiffs seek class certification out of an abundance of caution given the arguments that the government has made in other, similar cases. Specifically, in response to the administration's contention that courts lack authority to issue "universal" relief to unnamed parties, Plaintiffs seek class certification to forestall any contention that a set aside of Secretary Noem's unlawful action applies only to the named Plaintiffs rather than to all Haitian TPS holders.

The proposed class – all persons in the United States who have been granted, or have applied for, TPS under Haiti's designation – satisfies the requirements of Rule 23(a) as to numerosity, commonality, typicality, and adequacy. It also satisfies Rule 23(b)(2) because

---

[1] Plaintiffs recognize that the Court is holding this case in abeyance pending Secretary Noem's anticipated publication of a new termination notice in the Federal Register on or before December 5, 2025. But under Local Civil Rule 23.1(b), Plaintiffs are required to file their motion for class certification within 90 days of filing the complaint. Plaintiffs filed their complaint on July 30. Thus, under the local rule, Plaintiffs must file this motion by October 28.

Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Accordingly, although Plaintiffs maintain that class certification is not necessary for an order vacating Secretary Noem's action under the APA to have universal effect, they nonetheless seek entry of an order (1) granting class certification, (2) appointing Plaintiffs as class representatives, and (3) appointing their counsel as class counsel.

## LEGAL STANDARD

For a class to be certified under Rule 23, the named plaintiffs must demonstrate, by a preponderance of the evidence, that the proposed class satisfies the four prerequisites of Rule 23(a) and one of the conditions described in Rule 23(b). Rule 23(a) imposes numerosity, commonality, typicality, and adequacy requirements.[2] A class may be certified if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Once these prerequisites are satisfied, a court may certify a class under Rule 23(b)(2) if the defendant has "acted or refused to act on grounds that apply generally

---

[2] Some courts have imposed an implied fifth requirement that the class be clearly ascertainable. The D.C. Circuit has not addressed whether Rule 23 contains an ascertainability requirement for class certification (*see J.D. v. Azar*, 925 F.3d 1291, 1320 (D.C. Cir. 2019)), and "other courts in this district have commented that it is far from clear that there exists in this district a requirement that a class certified under Rule 23(b)(2) must demonstrate ascertainability to merit certification," *O.A. v. Trump*, 404 F. Supp. 3d 109, 159 (D.D.C. 2019) (cleaned up). Nevertheless, the class Plaintiffs propose is ascertainable because membership in the class is readily discernible by objective criteria, the relief sought in this action is uniform and indivisible, and the members of the class are similarly situated. *See Azar*, 925 F.3d at 1320; *see also* 1 Rubenstein, Newberg on Class Actions § 3:3.

to that class, so that injunctive or declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Class certification is "strictly a procedural matter, and the merits of the case at stake are not to be considered when deciding whether to certify a class." *J.O.P. v. U.S. Dep't of Homeland Security*, 338 F.R.D. 33, 48 (D. Md 2020) (internal citations omitted). "The Court has broad discretion to determine whether a particular action justifies certification[.]" *Franklin v. Barry*, 909 F. Supp. 21, 30 (D.D.C. 1995).

Although Rule 23 requires the Court to determine whether to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative," the "time at which the court finds it appropriate to make its class-action determination may vary with the circumstances of the particular case." Fed. R. Civ. P. 23(c)(1)(A); 7AA Fed. Prac. & Proc. Civ. § 1785.3 (3d ed.); *see also* LCvR 23.1(b) (noting that court has discretion on to postpone ruling on class certification pending "discovery or other appropriate preliminary proceedings").

## PROPOSED CLASS DEFINITION

Plaintiffs seek to certify a class consisting of:

> All persons in the United States who have been granted, or have applied for, Temporary Protected Status pursuant to 8 U.S.C. § 1254a and 8 C.F.R. § 244.2 and named Haiti as the designated TPS country under which they applied.

Dkt. 1, ¶ 184.

## PROPOSED CLASS REPRESENTATIVES

Plaintiffs propose that they—Fritz Emmanuel Lesly Miot, Rudolph Civil, Marlene Gail Noble, Marica Merline Laguerre, and Vilbrun Dorsainvil—be appointed class representatives. Each is a Haitian citizen with TPS. Dkt. 1, ¶¶ 1–5.

**ARGUMENT**

**I.      Class certification is unnecessary but warranted.**

The law is clear: When a "reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." *Nat'l Min. Ass'n v. U.S. Army Corp of Engineers*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (quoting *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989)); *accord, e.g.*, *D.A.M. v. Barr*, 486 F. Supp. 3d 404, 415 (D.D.C. 2020) ("The universal nature of vacatur [under 5 U.S.C. § 706] means that after a court vacates an agency rule, the agency may not apply that rule to *anyone*[.]"); *O.A.*, 404 F. Supp. 3d at 153 (D.D.C. 2019) (the "language of the APA and the controlling D.C. Circuit precedent are unambiguous that the proper remedy is to set the [r]ule aside, and the legal consequences of that result are not limited to the 'individual plaintiffs'").[3]

---

[3]     The Supreme Court's recent decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), changes none of this. In *CASA* the Supreme Court held that universal injunctions may, under certain circumstances, exceed federal courts' equitable authority. But a set-aside under the APA is not an injunction. There are "meaningful differences" between injunctions and vacatur under the APA. *Texas v. United States*, 50 F.4th 498, 528–29 (5th Cir. 2022). In fact, vacatur is "a less drastic remedy" because, "[a]part from the constitutional or statutory basis on which the court invalidated an agency action, vacatur neither compels nor restrains further agency decision-making." *Id.* (quoting *Texas v. United States*, 40 F.4th 205, 220 (5th Cir. 2022), *rev'd on other grounds*, 599 U.S. 670 (2023)). Moreover, once a court has fulfilled its "obligation to 'set aside' [an] unlawful regulation," injunctive relief is ordinarily unnecessary. *R.J. Reynolds Tobacco Co. v. FDA*, 696 F.3d 1205, 1222 (D.C. Cir. 2012), *overruled on other grounds by Am. Meat Inst. v. U.S. Dep't of Agric.*, 760 F.3d 18 (D.C. Cir. 2014). Indeed, it is "anomalous." *N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 861 (D.C. Cir. 2012). Because a set-aside is not an injunction, whether the APA "authorizes federal courts to vacate federal agency action" is a "distinct question." *CASA*, 606 U.S. at 841 n.10; *see also Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 603 U.S. 799, 826 (2024) (rejecting government's "far-reaching argument" as "novel and wrong" that APA does "not allow vacatur, but instead permits a court only to enjoin an agency from enforcing a rule against the plaintiff") (Kavanaugh, J., concurring).

5

Despite this well-settled law, the government has argued in other TPS cases that, absent a certified class under Rule 23, APA relief should be limited to the named parties to the case. *See, e.g.*, Gov. Mem. Of Law in Opp. to Plfs' Mot. for Postponement at 22, *Haitian Evangelical Clergy Ass'n v. Trump*, No. 25-cv-1464, Dkt. 37 (E.D.N.Y. 2025) ("Plaintiffs have no basis to request universal relief benefitting non-parties."); Gov. Resp. in Opp. to Plfs' Mot. to Postpone at 25, *Nat'l TPS Alliance v. Noem at 25*, No. 25-cv-1766, Dkt. 60 (N.D. Cal. 2025) (arguing that because the plaintiffs "do not raise class claims in their complaint and have not moved to certify a class under Rule 23" the plaintiffs should not be entitled to "sweeping relief" benefiting nonparties to the case).

Accordingly, although Plaintiffs' position, rooted in precedent, is that APA relief is inherently universal, out of an abundance of caution, Plaintiffs nevertheless move for class certification under Rule 23(b)(2) to ensure that their requested vacatur of Secretary Noem's action applies not only to them but to all others similarly situated. *See O.A.*, 404 F. Supp. 3d at 154–55 (noting that order granting vacatur made it unclear whether "class certification will serve any significant purpose" but deciding motion anyway because "class certification could have some bearing on future proceedings in this matter").

II.  **The requirements of Rule 23(a) are easily satisfied here.**

    A.  **Numerosity**

To satisfy the numerosity requirement, the proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no "specific threshold" to satisfy the numerosity requirement but "courts in this jurisdiction have observed that a class of at least forty members is sufficiently large to meet this requirement." *O.A.*, 404 F. Supp. 3d at 155. Further, this requirement may be satisfied by "supplying estimates, rather than a precise number, of putative class members … so long as there is a reasonable basis for the estimate provided." *Id.*

(internal citations and quotations omitted). Here, by the government's own estimate, "there are approximately 348,187 nationals of Haiti (and aliens having no nationality who last habitually resided in Haiti) who hold TPS under Haiti's designation." Termination of the Designation of Haiti for Temporary Protected Status, 90 Fed. Reg. 28764 (July 1, 2025). This easily satisfies Rule 23's numerosity requirement because the number is sufficiently large such that it would be extremely difficult or inconvenient to join all members of the class.

### B. Commonality and Typicality

The commonality and typicality prongs "often overlap." *O.A.*, 404 F. Supp. 3d at 155. Commonality requires that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Typicality requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Commonality is satisfied if "the class members have suffered the same injury" that is "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Even a "single common question will do." *Id.* at 359 (cleaned up). The commonality requirement is "satisfied when," as here, "there is a uniform policy or practice that affects all class members." *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015). This "principle applies with equal force to the typicality requirement." *O.A.*, 404 F. Supp.3d at 156. While "commonality requires a showing that the members of the class suffered an injury resulting from the defendant's conduct, the typicality requirement focuses on whether the representatives of the class suffered a similar injury from the same course of conduct." *Id.*

Both commonality and typicality are easily satisfied here. All "members of the proposed class, and all of the proposed class representatives, face the same threat of injury"—exposure to deportation and loss of employment authorization—(*id.*) and they have been subjected to the same course of conduct as the members of the class they seek to represent. Similarly, "[a]ll challenge

7

the same [agency action] on the same grounds, and all seek the same remedy—[vacatur] of" the Secretary's partial vacatur of TPS and termination of TPS. *Id.* Moreover, this case sounds in racial discrimination, and "[b]y its very nature, racial discrimination is based upon characteristics that define a class." *Franklin*, 909 F. Supp. at 30 (citing *NAACP v. Georgia*, 99 F.R.D. 16, 25 (S.D. Ga. 1983) (when broad discrimination policies and practices constitute the gravamen of a class suit, common questions of law and fact are necessarily presented).

### C. Adequacy

Adequacy requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Two criteria for determining the adequacy of representation are generally recognized: 1) the named representative[s] must not have antagonistic or conflicting interests with the unnamed members of the class, and 2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997). The fact that class members may be in "diverse and disparate situations" presents no challenge to the adequacy of the proposed class representatives in representing the interests of the class. *O.A.*, 404 F. Supp. 3d at 156.

Plaintiffs satisfy the adequacy requirement. Haitian TPS holders themselves, Plaintiffs will fairly and adequately represent the absent class members. Moreover, they have no conflict with the absent class members.

Plaintiffs are represented by experienced counsel who successfully vindicated the rights of Haitian TPS holders in litigation arising under the APA and more broadly have successfully prosecuted civil rights class actions in a variety of contexts. *See generally Saget v. Trump*, 375 F. Supp. 3d 280 (E.D.N.U. 2019); *Haitian Evangelical Clergy Ass'n v. Trump*, 780 F. Supp. 3d 255

(E.D.N.Y. 2025). Counsel will continue to adequately protect the interests of the class. Moreover, there are no conflicts of interest between members of the proposed class and counsel. In short, Plaintiffs satisfy the adequacy-of-representation requirement

## IV. Certification under Rule 23(b)(2) is Proper

Rule 23(b)(2) provides that a class action may be maintained if Rule 23(a) is satisfied and if the "party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. 338 at 360. Certification under Section (b)(2) is proper when "a single injunction or declaratory judgment would provide relief to each member of the class." *Id.*

That Plaintiffs seek a set-aside rather than an injunction (*cf. supra* at 5 n.3) is not a barrier to class certification under Rule 23(b)(2). Just as now-Justice Jackson found when certifying a (b)(2) class in another APA case, "the agency action that [Plaintiffs] challenge[]"—the unlawful termination of Haiti's TPS designation—"impact[s] the entire proposed class" and "an order that declares the agency action unlawful … would provide the same relief to all class members." *Healthy Futures of Texas v. Dep't of Health & Hum. Servs.*, 326 F.R.D. 1, 8 (D.D.C. 2018).

\*\*\*

Plaintiffs have satisfied all requirements of Rule 23(a) and Rule 23(b)(2). Class certification is therefore proper.

9

## CONCLUSION

The Court should (1) certify the proposed class under Rule 23(b)(2); (2) appoint Plaintiffs as Class Representatives; and (3) appoint undersigned counsel as Class Counsel.

Dated: October 28, 2025

Respectfully submitted,
/s/ *Geoffrey M. Pipoly*
Geoffrey M. Pipoly

Ira J. Kurzban
Kevin Gregg
KURZBAN, KURZBAN, TETZELI & PRATT, P.A.
131 Madeira Ave.
Coral Gables, FL 33134
Phone: (305) 444-0060
ira@kktplaw.com
kgregg@kktplaw.com

Sejal Zota
JUST FUTURES LAW
1629 K Street N.W., Suite 300
Washington, DC 20006
Phone: (617) 812-2822
sejal@justfutureslaw.org

Raymond Audain
GISKAN SOLOTAROFF & ANDERSON LLP
1 Rockefeller Plaza, 8th Floor
New York, NY 10020
Phone: (646) 290-6249
raudain@gslawny.com

Daniel Paul Mach
BRYAN CAVE LEIGHTON PAISNER, LLP
1290 Avenue of the Americas
New York, NY 10104
Phone: (212) 541-1146
daniel.mach@bclplaw.com

Andrew Tauber (D.C. Bar No. 495980)
BRYAN CAVE LEIGHTON PAISNER, LLP
1155 F. Street NW, Ste. 700
Washington, D.C. 20004
Phone: (202)-508-6200
andrew.tauber@bclplaw.com
sarah.hartley@bclplaw.com

Geoffrey M. Pipoly
Alexa Thein
Madisen Hursey
BRYAN CAVE LEIGHTON PAISNER, LLP
161 N. Clark Street, Ste. 4300
Chicago, IL 60601
Phone: (312) 602-5000
geoff.pipoly@bclplaw.com
alexa.thein@bclplaw.com
madisen.hursey@bclplaw.com

Matthew Stanford
BRYAN CAVE LEIGHTON PAISNER, LLP
2 N. Central Ave., Ste. 2100
Phoenix, AZ 85004
Phone: (602) 364-7000
matt.stanford@bclplaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2025, a copy of the foregoing was filed through the CM/ECF system which sent notice of the filing to all appearing parties of record.

>   */s/ Geoffrey M. Pipoly*
>   Geoffrey M. Pipoly
>   *Counsel for Plaintiffs*