UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRITZ EMMANUEL LESLY MIOT, et al., <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 25-2471 (ACR) |

**DEFENDANTS' RESPONSE TO THE COURT'S *SUA SPONTE*
REQUEST TO CONSIDER EXTRA-RECORD EVIDENCE**

Pursuant to the Court's Minute Order dated January 27, 2026, Defendants Donald J. Trump, United States of America, Department of Homeland Security ("DHS"), and Kristi Noem ("Defendants"), in their official capacities, submit this response to the Court's invitation to respond to its intention to take judicial notice of the President's speech at the Conservative Political Action Conference ("CPAC"). The Court indicated its intention to take notice of the speech as it pertains to Plaintiffs' Equal Protection Claims. *See* Min. Order dated Jan. 27, 2026. It should not do so.

A standalone constitutional claim does not permit Plaintiffs to bypass the Administrative Procedure Act's ("APA") stringent requirements on limiting review to the record. *Chiayu Chang v. United States Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (discovery not appropriate where plaintiff's APA and constitutional claims overlapped and information court needed to determine arbitrary and capricious claim would be in administrative record); *see also Krzywicki v. Del Toro*, 755 F. Supp. 3d 1, 17 (D.D.C. 2024) (discovery on due process claims not required where administrative record available). And while the Court has permitted discovery on both the APA and constitutional claims, *see* Min. Order dated Jan. 23, 2026, Plaintiffs did not seek

to use this speech as evidence in support of the motion for relief under 5 U.S.C. § 705. *See generally* Pls' Mot. (ECF No. 81). This Court should not on its own accord, seek out evidence that neither party has introduced or bypass the applicable standard for consideration of extra record evidence. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). Moreover, the Court's consideration of this video necessarily implies that Plaintiffs' arguments on their face were insufficient to meet their burden for preliminary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (putting burden on a plaintiff to establish that a preliminary injunction is warranted); *Cuomo v. NRC*, 772 F.2d 972, 974 (D.C. Cir. 1985) (applying same standard to § 705 motion).

Additionally, this Court cannot simply take judicial notice of a video posted by a third-party, particularly where that third party is not a federal government agency. The Court should first rule on why the record should be supplemented with this video, and make a clear record as to its findings and why. *See Hurd v. District of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017) (confirming that "a court cannot take judicial notice of the truth of a document simply because someone put it in the court's files.") (citation modified); *Riffin v. Surface Transp. Bd.*, No. 16-1147, 2016 WL 6915552, at *1 (D.C. Cir. Oct. 6, 2016) (rejecting plaintiff's effort to supplement the administrative record through judicial notice and explaining that none of the three exceptions to the rule against supplementation were met); *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 172 (D.D.C. 2014) (declining to take judicial notice in APA case where proposed document did not "qualify for supplementation of the administrative record or extra-record review"); *see also Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 32, n.14 (D.D.C. 2013) ("[J]udicial notice of an adjudicative fact not part of the administrative record generally is irrelevant to the court's analysis of the merits. Instead,

a court may only consider an adjudicative fact subject to judicial notice that is not part of the administrative record if it qualifies for supplementation as extra-record evidence.").

Finally, a speech at a political conference does not reflect the types of evidence for which courts within the District have utilized judicial notice. *See, e.g.*, *Owlfeather-Gorbey v. Avery*, 119 F.4th 78, 85 (D.C. Cir. 2024) (citing Fed. R. Evid. 201(b); Fed. R. Evid. 803(8)) (taking judicial notice of government reports); *Citizens for Responsibility & Ethics in Wash. v. Trump*, 924 F.3d 602, 607 (D.C. Cir. 2019) (taking judicial notice of a "[m]emo [that] represent[ed] the White House's official position, [ ] [wa]s publicly available on the National Archives' website," and whose authenticity was not being challenged); *Williams v. Lew*, 819 F.3d 466, 473 (D.C. Cir. 2016) (taking judicial notice of a government report); *Kaspersky Lab, Inc. v. Dep't of Homeland Sec.*, 909 F.3d 446, 464 (D.C. Cir. 2018) (noting that among the sources of information a court may consider "are public records subject to judicial notice" (internal quotation marks omitted) (quoting *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004)); *Pharm. Rsch. & Mfrs. Ass'n of Am. v. Dep't of Health & Hum. Servs.*, 43 F. Supp. 3d 28, 33-34 (D.D.C. 2014) (noting that "[c]ourts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies" and collecting cases in support of that proposition).

Indeed, a video from an unaffiliated third-party's website seems a bit far afield of the type of "thing[s] in the common knowledge and use of the people throughout the country" that the Supreme Court has said that courts are generally allowed to take judicial notice of. *Brown v. Piper*, 91 U.S. 37, 42, (1875) ("Among the things of which judicial notice is taken are the law of nations; the general customs and usages of merchants; the notary's seal; things which must happen according to the laws of nature; the coincidences of the days of the week with those of the month;

the meaning of words in the vernacular language; the customary abbreviations of Christian names; the accession of the Chief Magistrate to office, and his leaving it. In this country, such notice is taken of the appointment of members of the cabinet, the election and resignations of senators, and of the appointment of marshals and sheriffs, but not of their deputies. The courts of the United States take judicial notice of the ports and waters of the United States where the tide ebbs and flows, of the boundaries of the several States and judicial districts, and of the laws and jurisprudence of the several States in which they exercise jurisdiction. Courts will take notice of whatever is generally known within the limits of their jurisdiction; and, if the judge's memory is at fault, he may refresh it by resorting to any means for that purpose which he may deem safe and proper. This extends to such matters of science as are involved in the cases brought before him.").

Videos specifically are susceptible to vulnerabilities, and the Court should exercise extreme caution before taking judicial notice of them. *See Real World Media LLC v. Daily Caller, Inc.*, 744 F. Supp. 3d 24, 32-33 (D.D.C. 2024) (declining to take judicial notice of individual videos); *United States v. Fuller*, 761 F. Supp. 3d 125, 139 (D.D.C. 2025) (reviewing hearsay objections when reviewing a video). In this case, Defendants have no control over the publication of this video nor have any knowledge of if and how it may have been edited. Defendants cannot confirm the video's accuracy or reliability in the limited time provided, and that is basis alone for this Court to not consider the video. *See Baxter v. Islamic Rep. of Iran*, Civ. A. No. XXX, 2019 WL 13565511, at *2 (D.D.C. Sept. 27, 2019) (taking judicial notice because there was "no reason to doubt the accuracy or reliability of the evidence").

Given these limitations, the Court should decline to consider the attached documents.

\*   \*   \*

| | |
|---|---|
| Dated: January 29, 2026 | Respectfully submitted, |
| | JEANINE FERRIS PIRRO<br>United States Attorney |
| | By:       */s/ Dhruman Y. Sampat*<br>DHRUMAN Y. SAMPAT<br>AMANDA L. TORRES<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2525<br>dhruman.sampat@usdoj.gov |
| | *Attorneys for the United States of America* |