# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRITZ EMMANUEL LESLY MIOT, et al., *Plaintiffs*, v. DONALD J. TRUMP, et al., *Defendants*. | Case No. 25-cv-02471 (ACR) |

## ORDER

Having considered the Second Amended Complaint, Dkt. 90, the briefs and arguments of counsel, and the evidence filed in support of and in opposition to Plaintiffs' Renewed Motion for a Stay Under 5 U.S.C. § 705, Dkt. 81, and the Government's Motion to Dismiss, Dkt. 80, and for the reasons detailed in the accompanying Memorandum Opinion, the Court hereby:

**GRANTS** Plaintiffs' Renewed Motion for a Stay Under 5 U.S.C. § 705, Dkt. 81; and so,

**STAYS** (*i.e.*, **POSTPONES**) the effective date of Department of Homeland Security Secretary Kristi Noem's Termination of the Designation of Haiti for Temporary Protected Status, 90 Fed. Reg. 54733 (Nov. 28, 2025) (Termination), pending judicial review. During the stay, the Termination shall be null, void, and of no legal effect. The Termination therefore does not affect the protections and benefits previously conferred by the TPS designation, including work authorization and protection from detention and deportation, and the valid period of work authorization extends during the stay. *See* 8 U.S.C. § 1254a(a)(1)–(2), (d)(4). The Termination also has no effect on the eligibility for work authorization and protection from detention and deportation for individuals, if any, with pending applications. *See id.* § 1254a(a)(4)(B); 8 C.F.R. § 244.10(a), (e).

1

The Court further:

**DENIES** the Government's Motion to Dismiss, Dkt. 80, without prejudice. The Court's conclusion that it has jurisdiction to hear Plaintiffs' Motion applies equally to the Government's Motion. The Court's separate conclusion that Plaintiffs are likely to succeed on the merits of their claims necessarily entails its view that they plausibly stated their claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent the Government believes that arguments for dismissal remain outstanding, it may refile a motion to dismiss limited to those issues.

The Government contends that Plaintiffs cannot bring an Administrative Procedure Act claim against the U.S. President. *See* Dkt. 80 at 36. The Court need not address this issue, as Plaintiffs have forfeited their APA claim against the President. *See* Dkt. 93 at 31 n.5. In any event, nothing in the Memorandum Opinion or this Order, which stays the Secretary's Termination, should be construed as an order constraining the President.

**SO ORDERED.**

Date: February 2, 2026

ANA C. REYES
United States District Judge