IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRITZ EMMANUEL LESLY MIOT; RUDOLPH CIVIL; MARLENE GAIL NOBLE; MARICA MERLINE LAGUERRE; and VILBRUN DORSAINVIL,**<br><br>    *Plaintiffs*,<br>    v.<br><br>**DONALD J. TRUMP, President of the United States of America; UNITED STATES OF AMERICA; THE DEPARTMENT OF HOMELAND SECURITY; and KRISTI NOEM, Secretary of Homeland Security,**<br><br>    *Defendants*. | Case No. 25-cv-02471 (ACR) |

## JOINT STATUS REPORT REGARDING DISCOVERY

By and through undersigned counsel, the parties respectfully submit the following joint status report concerning the current status of discovery, which is being submitted as a follow up to the parties' email communications to the Court on February 6, 2026. This report initially sets forth Plaintiffs' statement as to the status of discovery and is followed by Defendants' statement to the extent there are any differences as to the parties' views as to where things stand on discovery to date.

1.  <u>Plaintiffs</u>:  The parties met and conferred via zoom on February 10, 2026. It is Plaintiffs' understanding that Defendants have begun review of the approximately 4,000 documents identified through the parties' agreed-upon search terms. Defendants have not yet produced any documents, but plan to make an initial production of documents on or before February 20, 2026. Defendants report having reviewed approximately 600 documents to date.

At the February 10, 2026 meet-and-confer, Plaintiffs also requested that Defendants produce the record of clearance and approval related to the November 28, 2026 termination of

Haiti's TPS designation. As Plaintiffs understand it, the record of clearance and approval is essentially a cover page to the packet of documents and memoranda that is presented to the Secretary for her decision on TPS designations. A record of clearance and approval generally lists the officials who were part of the decision making process leading to the decision, and other courts have held that individuals listed in the record of clearance and approval were appropriate custodians whose ESI should be reviewed because "[g]iven that the custodians are named in the Record of Clearance and Approval, they likely participated in the decision making with respect to Haiti." *NTPSA v. Noem*, No. 25-cv-01766, Dkt. No. 135 (N.D. Cal. May 9, 2025) (ordering the search of ESI from custodians who were named in the DHS record of clearance and approval). A record of clearance and approval for the February 2025 Haiti TPS "partial vacatur" was included in the administrative record in *Haitian Evangelical Clergy Ass;n v. Trump*, No. 25-cv-1464 (E.D.N.Y. 2025) ("*HECA*"). Plaintiffs included this document as an attachment to their December 15, 2025 discovery brief. ECF 85-11. The *HECA* record of clearance and approval contains, among other things, Secretary Noem's handwritten signature, next to the marking "S1." *Id*. Plaintiffs' position is that a similar record of clearance and approval related to the November 26, 2025 termination is properly part of the administrative record in this case, if such a document exists. At the February 10, 2026 meet-and-confer, Defendants took the position—as they did in a prior email to Plaintiffs' counsel—that any record of clearance and approval related to the November 28, 2026 termination is not properly part of the administrative record in this case and that the *HECA* record of clearance and approval was inadvertently produced in that case. Plaintiffs disagree. Plaintiffs' position is that the record of clearance and approval was properly part of the *HECA* administrative record and that any equivalent record of clearance and approval for the November 28, 2026 termination decision is properly part of the administrative record in this case.

At least one other court has concluded that a record of clearance and approval "should be included in the administrative records" in TPS cases. *CASA, Inc. v. Noem*, 2025 WL 3514378, at *13 (D. Md. Dec. 8, 2025). Following the February 10, 2026 meet-and-confer, Plaintiffs communicated this position to Defendants via email.

At the February 10, 2026 meet-and-confer, Defendants stated their intention to seek an agreed protective order concerning the use of documents produced in discovery. Plaintiffs stated they were not opposed in principle to such an agreed order, so long as the language was reasonable, protected Plaintiffs' rights, and prohibits the disclosure of Plaintiffs' personally identifiable information. The parties will continue their negotiations concerning the protective order.

2. <u>Defendants</u>:

Defendants address the three issues raised above.

First, in terms of discovery, Defendants agree with Plaintiffs' summary above with the following clarifications. Defendants clarify that the above-referenced search results (which, more specifically, resulted in approximately 3,700 documents for review) focused on the two priority custodians and that, as of the date of this report, a first level review has now been completed with respect to approximately 600 of those documents.

Second, in terms of the record of clearance and approval, Defendants first clarify that the Haiti termination determination was made on November 19, 2025, and the federal register notice announcing the termination determination was published on November 28, 2025. Moreover, it is the government's understanding that Plaintiffs have requested that document to assist Plaintiffs in identifying additional custodians to propose as part of the discovery process. In other words, this document is unrelated to the focus of the initial stage of discovery, which the Court has made clear is on the two priority custodians. *See* Min. Order (Jan. 23, 2026). Nevertheless, without waiving

its position that the record of clearance is not properly part of the administrative record, and to avoid further dispute on this issue, DHS is amenable to producing the record of clearance and approval to Plaintiffs and expects to do so by the end of this week. By producing the record of clearance and approval, Defendants do not concede that the release of this document would entitle Plaintiffs to identify any more than the two remaining custodians left to be identified by Plaintiffs out of the six that the Court has indicated would be permissible. *See* Joint Status Report (ECF No. 110) at 1; see also Tr. (Jan. 7, 2026) at 28:19 to 28:20.

Third, Defendants are in the process of preparing a draft Protective Order to submit to Plaintiffs for review and currently expect to be in a position to provide the draft to Plaintiffs by early next week if not sooner. From Defendants' standpoint, the Protective Order is intended to protect personally-identifiable information of employees of Defendants, law enforcement sensitive information and other information for which access should be restricted.

Dated: February 11, 2026               Respectfully submitted,

By:    */s/ Geoffrey M. Pipoly*
    Geoffrey M. Pipoly
    BRYAN CAVE LEIGHTON PAISNER, LLP
    161 N. Clark Street, Ste. 4300
    Chicago, IL 60601
    Phone: (312) 602-5000
    geoff.pipoly@bclplaw.com

*Attorney for Plaintiffs*

AND

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ Dhruman Y. Sampat*
    DHRUMAN Y. SAMPAT

- 5 -

                                        AMANDA L. TORRES  
                                        Assistant United States Attorneys  
                                        601 D Street, NW  
                                        Washington, DC 20530  
                                        Main: (202) 252-2500

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

  I hereby certify that today, February 11, 2026, the foregoing document was filed with the Court's electronic filing system.

*/s/ Geoffrey M. Pipoly*
Geoffrey M. Pipoly
*Counsel for Plaintiffs*
