UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRITZ EMMANUEL LESLY MIOT, et al.,

        Plaintiff,

    v.

DONALD J. TRUMP,
President of the United States, et al.,

        Defendants.

Civil Action No. 25-2471 (ACR)

**STIPULATED PROTECTIVE ORDER**

The Order for Discovery (as defined herein) includes the disclosure of information claimed by a party to be Protected Material (as defined herein).  To permit the parties to discover and disclose information relevant to this case without disclosing Protected Material to the public, and to afford the parties options to facilitate document productions without the need to expend time making extensive redactions and while avoiding waivers of potential privileges, pursuant to Federal Rule of Civil Procedure ("Rule") 26, the parties agree and it is hereby:

ORDERED that, pursuant to the terms of this Protective Order, and to the extent the Order for Discovery requires the production of information protected by the Privacy Act (5 U.S.C. § 552a, *et seq.*), the United States is authorized to produce unclassified information otherwise protected by that Act without obtaining prior written consent of the individuals or entities to whom such records pertain provided that such information is reasonably related to this litigation.  Nothing in the Protective Order is intended to limit or preclude in any way the United States' rights to access and review documents constituting Protected Material.

ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

1.    DEFINITIONS

a.    "Protected Material," as used herein, means information the disclosure of which to or by the receiving party would result in the disclosure of one or more of the following categories of information: (i) information kept in a United States system of records that is subject to the provisions of the Privacy Act; (ii) law enforcement sensitive information; and (iii) any other personal privacy information (including, but not limited,  names of government personnel and personal and official/organizational email addresses, phone numbers, and addresses of such personnel) or other non-public information that the producing or receiving party has good cause to designate as Protected Material under the terms of this Protective Order.   Protected Material shall be narrowly construed, and the producing party bears the burden of establishing good cause for any designation in the event of any challenge pursuant to the terms of this Order. Subject to the provisions of this Order, information produced will be deemed Protected Material when so designated in the manner described in this Order.

b.    "Personnel Contact Information" means all names of government personnel and personnel and official/organizational email addresses, phone numbers, and addresses of government personnel contained within documents produced in discovery.

c.    "Order for Discovery" means the Court's rulings during the hearings of January 7, 2026, and January 20, 2026, and as memorialized in a minute order dated January 23, 2026, ordering an initial stage of discovery in which Defendants were directed to produce to Plaintiffs non-privileged documents from certain designated custodians based upon search terms and responsiveness parameters to be agreed to by the parties, as well as any subsequent rulings or orders governing discovery in this action.

2.      The designation of Protected Material may be made by the producing party by placing or affixing prominently on produced documents the words "PROTECTED" or "CONFIDENTIAL," indicating the proprietary, sensitive, or confidential nature of the documents. Stamping the words "PROTECTED" or "CONFIDENTIAL" on the cover of any multi-page document will designate all pages of the document as Protected Material unless otherwise indicated by the producing party.  If only a portion or portions of the material on a document qualifies for protection other than on the basis of being Personnel Contact Information, the Producing Party also must clearly identify the document in which that protected information appears  (e.g., by making appropriate markings on the document, by a written communication identifying the document, or other means sufficient to identify the document in which the protected information appears). Any electronically stored information, including electronically stored information produced in native file format, may be designated Protected Material or by affixing a label on the tape or disk consistent with the above or by embedding a "PROTECTED" or "CONFIDENTIAL" legend within the filename or electronic file so long as such legend does not obscure the electronically stored information being designated.  Any party may also designate as Protected Material any documents, information, or material produced, received or exchanged in this action by identifying in writing by bates-number, or other description sufficient to clearly identify the document, information or material, the document and/or information being designated for protection.  Defendants may produce documents to Plaintiffs without redacting Personnel Contact Information and may designate those portions of documents as Protected Material. Parties will not disseminate or publish such Personnel Contact Information in unredacted form, whether on the Court's docket or through out-of-court distributions. If the only basis for a document's designation as Protected Material under this Order is the presence of Personnel Contact Information on the document, a party may redact from the document prior to use all Personnel Contact Information and

the document, so redacted, may then be used without the restrictions of this Order, whether in court filings pursuant to paragraph 11 of this Order or for other purposes.  If the document's designation as Protected Material is on any other basis, whether in whole or in part, then the document will remain subject to the restrictions of this Order regardless of whether any Personnel Contact Information on the document is redacted.  Should Plaintiff wish to use such a document by redacting the Protected Material, including pursuant to paragraph 11 of this Order, Plaintiff must first provide the document with the proposed redaction to counsel for Defendants and the document with the proposed redaction will remain subject to the restrictions of this Order unless counsel for Defendants confirms in writing that it can be used in redacted form without such restrictions.

3.      Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Protected Material, or any electronic image or database containing Protected Material, will be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived.

4.      All materials produced by the government in this case pursuant to the Order for Discovery prior to the entry of this Protective Order and designated by the producing party as containing Protected Material will also be subject to the terms of this Protective Order, and this Protective Order will supersede any agreement reached by the parties governing access and use of such previously produced material.  Any such designation must be made within thirty days of the entry of this Protective Order by written notice by the producing party to the other parties of the specific materials so designated in accordance with the methods for designation set forth in Paragraph 2.  All materials produced by the government prior to the entry of this Protective Order marked with a legend other than "PROTECTED" or "CONFIDENTIAL" but that indicates the

- 4 -

proprietary, sensitive, or confidential nature of the information shall also be treated as Protected Material under this Order without any need for further designation or reproduction.

5.    All counsel of record receiving copies of documents or any other material or information designated as Protected Material must maintain such Protected Material in their possession in a manner sufficient to protect such material against unauthorized disclosure.  This Order applies to all vendors, including without limitation, any copy service or document storage companies.  It is the responsibility of counsel of record to take reasonable steps to ensure that all its vendors comply with this Order.

6.    Protected Material will be used solely for the purpose of conducting litigation in this action and any subsequent proceeding arising from this action, including post-judgment proceedings, settlement, appeals, remand proceedings, and enforcement of any judgment, and not for any business or other purpose. Disclosure pursuant to Paragraph 7 shall not be deemed a use outside this action.

7.    Protected Material produced to the receiving party and any copies thereof, and notes made therefrom, may be disclosed by the receiving party only to (i) attorneys of record for the parties, (ii) the parties, (iii) persons regularly employed in or by such attorneys' offices who are assisting such attorneys in this matter, or (iv)  the Court and Court personnel.

8.    Nothing contained in this Protective Order prevents or in any way limits or impairs the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction or, subject to procedures that maintain the confidentiality of Protected Material consistent with this Protective Order, prevent or limit in any way the use of

such documents and information by an agency in any proceeding regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction.

9.      Nothing herein prevents or in any way limits or impairs the ability of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States must notify the Congressional entity requesting the documents that the Protected Material has been produced pursuant to this Protective Order and must (provided that there are no objections interposed by the Congressional entity requesting the documents) use reasonable efforts to notify the party designating the documents as Protected Material of the Congressional entity's request and the United States' response thereto.

10.      Only the categories of individuals described in Paragraph 7 shall receive Protected Material. Any such person to whom Protected Material is disclosed other than persons employed by counsel of record, the parties, the Court and Court Personnel, and persons who obtain Protected Material pursuant to a Congressional request as set forth in Paragraph 9, must first be advised by the attorney making the disclosure that pursuant to this Protective Order such person may not divulge any such Protected Material to any other person not authorized under Paragraph 7 above to have access to such Protected Material.  The attorney must secure from each such person a certification stating that such person has read the Protective Order and agrees to be bound by it. Such certification must be maintained in the possession of the attorney securing the certification until further order of the Court or ninety days following a final judgment in this action.

11.      Subject to order of the Court, that portion of any pleading, motion, or other document submitted or presented to or filed with the Court containing Protected Material must be placed under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the cases identified herein, and

- 6 -

persons authorized by this Protective Order. Where feasible, Protected Material may be redacted from a document before the document is submitted for filing with the Court in lieu of filing the document under seal (such as, for instance, in the case of an exhibit that has been designated as Protected Material because it contains Personnel Contact Information).  The filing of materials designated under this order will conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

12.    Counsel will endeavor to avoid revealing Protected Material in any oral hearings before the Court.  If any counsel finds it necessary to refer to Protected Material in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent and propose whatever mechanisms may be available and appropriate to prevent disclosure of Protected Material as a consequence of such oral hearings to persons other than those authorized by this Order.

13.    Further, in the event that any Protected Material is used in any Court proceeding herein, the parties will attempt to further stipulate as to the procedures for use of Protected Material in Court proceedings.  If necessary, any dispute regarding the procedures for use of Protected Material in Court proceedings will be submitted to the Court for resolution.

14.    Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Protective Order.

15.    Nothing in the foregoing provisions of this Protective Order will be deemed to preclude the parties from objecting to the designation of documents or other discovery material as

Protected Material.  Such objection must be made in writing and must state the basis of the objection.  The parties will endeavor to avoid piecemeal objections to a production.

16.    Within fourteen days of any such objection, the parties shall attempt in good faith to resolve any disagreement concerning the designation.  If no agreement is reached, the objecting party may file a motion or take pre-motion actions consistent with the Court's scheduling and standing orders regarding that objection and requesting the Court to determine that the designation is improper.  On any such motion, the party claiming protection shall bear the burden of demonstrating the confidentiality of the designated material under the terms of this Protective Order.  The documents shall be treated as originally designated until the Court rules on such motion.

17.    Counsel may retain archival copies of Protected Material, including pleadings, motion papers, exhibits, and attorney work product, for record-keeping and compliance purposes. All retained materials remain subject to this Protective Order and, to the extent not already bearing a designation as Protected Material under this Order, shall be clearly stamped "Material Subject to Protective Order" or affixed with another legend indicating that the materials are subject to this Protective Order.

18.    In the event of a disclosure of Protected Material to a person not authorized to have had such disclosure made to him or her under the provisions of this Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party (the "responsible party") must immediately inform counsel for the party whose Protected Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure.  The responsible party must also take all reasonable

measures promptly to ensure that no further or greater unauthorized disclosure of the Protected Material is made by anyone.

19.     By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

20.     Pursuant to Federal Rule of Evidence ("FRE") 502(b) and Rule 26(b)(5)(B), on demand, a party must return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.  The return of the documents does not eliminate the receiving party's right to challenge such designation by motion to compel or otherwise.

21.     Nothing contained herein restricts the parties' use of their own records for official business or for other purposes consistent with other applicable laws and regulations.

22.     Nothing contained herein restricts any party's rights to provide, discuss, show, make available, or otherwise communicate information (including documents) that the parties have obtained or will obtain through means outside this action consistent with other applicable laws, regulations, and other agreements regarding the use of the same.

23.     This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Rules, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

24.     Any party may petition the Court for a modification of the terms of this Protective Order.  The Court will have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

- 10 -

SO ORDERED:


April 3, 2026                                    _____
Date                                            United States District Judge


<PARTIES' SIGNATURE PAGES TO FOLLOW>

Respectfully submitted,

| | |
|---|---|
| */s/ Geoffrey M. Pipoly* | JEANINE FERRIS PIRRO |
| Geoffrey M. Pipoly | United States Attorney |
| BRYAN CAVE LEIGHTON PAISNER, LLP | |
| 161 N. Clark Street, Ste. 4300 | By:*/s/ Amanda Torres* |
| Chicago, IL 60601 | DHRUMAN Y. SAMPAT |
| Phone: (312) 602-5000 | AMANDA TORRES |
| geoff.pipoly@bclplaw.com | Assistant United States Attorney |
| | 601 D Street, NW |
| *Attorneys for Plaintiffs* | Washington, DC 20530 |
| | 202-252-2500 |
| | |
| | *Attorneys for the United States of America* |

Dated: April 3, 2026