UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRITZ EMMANUEL LESLY MIOT, et al., <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, *et al*., <br><br> Defendants. | Civil Action No. 25-2471 (ACR) |

**DEFENDANTS' UNOPPOSED MOTION TO HOLD STAY DEADLINE
RESPOND TO THE SECOND AMENDED COMPLAINT**

Pursuant to Rule 6(b), Defendants Donald J. Trump, United States of America, Department of Homeland Security, and Maywayne Mullin, in their official capacities, (collectively "the Government") respectfully move the Court to stay the Government's deadline to respond to Plaintiffs' second amended complaint while the Supreme Court hears the appeal of this Court's order dated February 2, 2026, which is scheduled for argument on April 29, 2026. The Government proposes that the Court direct the parties to submit a joint status report within thirty days of the Supreme Court's decision at which time the parties may advise the Court on how they intend to proceed.[1] Consistent with Local Civil Rule 7(m), counsel for the parties engaged in good faith discussions on the requested relief and Plaintiffs do not oppose to this motion. Good cause supports granting the requested relief.

The Court permitted Plaintiffs to file a second amended complaint, and the Court denied Defendants' motion to dismiss, which had made Defendants' response deadline February 17, 2026.

---

[1]     Should the Court deny the extension, the Government requests that the Court extend the answer deadline by thirty (30) days, setting the new deadline for May 6, 2026.

On February 2, 2026, the Court issued an order granting Plaintiffs' request for relief under 5 U.S.C. § 705. *See* Order (ECF No. 123). Since the issuance of that order, the Government has proceeded quickly to appeal and sought emergency relief before this Court, the Court of Appeals for the D.C. Circuit, and the Supreme Court. Indeed, in addition to seeking a stay of this Court's February 2 order, the Government petitioned the Supreme Court for certiorari before judgment. *See Trump v. Miot*, No. 25A999 (filed Mar. 11, 2026). Plaintiffs also filed a conditional petition for a writ of certiorari with the Supreme Court. *See Miot v. Trump*, No. 25-1077 (U.S.). On March 16, 2026, the Supreme Court granted the petitions for writs of certiorari, ordered expedited briefing, and set oral argument for April 29, 2026. Among the issues begin briefed is the question of this Court's jurisdiction, along with other threshold issues.

Given the expeditious manner in which this matter is proceeding, it would conserve judicial and the parties' resources by waiting for a decision by the Supreme Court, which will impact this matter given the threshold issues presented. The parties submitted a joint status report informing the court that the Government had originally planned to file its answer within 21 days of the Supreme Court's order, *see* ECF No. 136, making the deadline April 6, 2026. Defendants submit that answering a 284-paragraph complaint that may either be dismissed or amended based on the Supreme Court's potential decision is not a productive use of Defendants' limited resources at this time. Further supporting the stay is the fact that the Department of Homeland Security ("DHS") is experiencing a lapse in appropriations. While U.S. Citizenship & Immigration Services is primarily fee-funded and essential legal staff continue to work, the lapse may affect coordination with certain DHS stakeholders and components that rely on appropriated funds, which could potentially impact the preparation of a response to the second amended complaint, if those stakeholders and components are needed in preparation of the answer. But the lapse is open-ended,

and that is precisely why the stay is a preferred course of action. *See* Standing Order No. 25-55 (JEB) (staying government deadlines following the lapse in appropriations in October 2025).

The relief requested in this motion will not prejudice either party. Plaintiffs have preliminarily secured the objectives that they sought in filing this lawsuit. The parties continue to work to resolve any issues that arise during the course of the litigation. Additionally, the request for thirty days lines up directly with the D.C. Circuit's order requiring the parties to file a motion to govern further proceedings following the Supreme Court's disposition of the case. *See* ECF No. 137.

Accordingly, the Government requests that the Court grant this motion, stay the Government's deadline to respond to the second amended complaint, and permit the parties to file a joint status report within thirty days of the Supreme Court's decision.

Dated: April 6, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____*/s/ Dhruman Y. Sampat*_____
DHRUMAN Y. SAMPAT
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2525
dhruman.sampat@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRITZ EMMANUEL LESLY MIOT, et al.,

       Plaintiff,

    v.

DONALD J. TRUMP, President of the United
States, *et al.*,

       Defendants.

Civil Action No. 25-2471 (ACR)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion for to stay the deadline by which to respond to Plaintiffs' second amended complaint, and for good cause shown and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED;

ORDERED that Defendants' deadline to respond to the Plaintiffs' second amended complaint is STAYED; and it is FURTHER

ORDERED that the parties will submit a joint status report within thirty days of the Supreme Court's decision, in which the parties will propose their respective positions for proceeding, including on a new deadline for Defendants to respond to the second amended complaint as may be warranted.

    SO ORDERED.

_____

Dated

_____

ANA C. REYES
United States District Judge