UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>FRITZ EMMANUEL LESLY MIOT, et al.,<br><br>        Plaintiff,<br><br>   v.<br><br>DONALD J. TRUMP, President of the United States, <i>et al.</i>,<br><br>        Defendants.</td><td>Civil Action No. 25-2471 (ACR)</td></tr>
</table>

## **JOINT STATUS REPORT**

By and through undersigned counsel, the parties respectfully respond to the Court's, Minute Orders from June 4 and July 1, requiring the parties to file a joint status report within ten days of the Supreme Court announcing its opinion in this case. The Supreme Court ruled on June 25, 2026, reversed the Court's order, and remanded the action to the lower courts. On June 29, 2026, Defendants filed with the Court of Appeals for the D.C. Circuit a renewed motion to stay this Court's § 705 order. The D.C. Circuit has set a briefing schedule, and briefing on the renewed stay motion will complete on July 20, 2026.

In light of these ongoing proceedings, the parties have conferred and now propose the following:

**Plaintiffs' Proposal**

Plaintiffs position is that at the moment this Court lacks jurisdiction over this case—or at least lacks jurisdiction over the § 705 order—because the Supreme Court has not yet issued its mandate.[1] That mandate should issue no sooner than July 27, 2026, 32 days after the Supreme

---

[1] To be precise, the Supreme Court has yet to issue "a certified copy of the judgment," which is how it typically concludes an appeal from a federal court. S. Ct. R. 45(3). Nevertheless, for

Court's June 25, 2026 opinion. S. Ct. R. 45(3) ("The copy of the opinion or order and judgment will be sent 32 days after entry of the judgment…"). Jurisdiction over this case should be returned to this Court shortly thereafter.

Plaintiffs are still evaluating the effect of the Supreme Court's ruling and how to further proceed. Plaintiffs still have a live constitutional claim, even following the Supreme Court's decision. Plaintiffs do not yet know for certain whether they will file an amended complaint or whether any amended complaint would be on behalf of a class. In light of discovery documents that Plaintiffs have received and continue to receive from the *NTPSA* litigation, however, Plaintiffs are inclined to file an amended complaint.

Plaintiffs propose that they will advise this Court no later than July 31, 2026 about whether they will file an amended complaint.

Plaintiffs do not object to the deadlines set forth Defendant's proposal (Parts I and II).

Plaintiffs do not consent to the government's proposal that discovery be stayed—although the government has produced a few hundred documents so far, those documents are for the most part so heavily redacted that it is impossible to know what they say. Plaintiffs intend to litigate this issue in order to attempt to discover whether the content of those documents bears on their still-live equal protection claim. Indeed, just yesterday, in the Burma TPS case, the district court agreed with the Burma plaintiffs that the Supreme Court's decision "neither disposes of their equal protection claim nor undermines their entitlement to discovery in support of that claim," noting that "*Mullin v. Doe* was an interim decision, and in concluding that the Haiti plaintiffs lacked the requisite likelihood of success, it only analyzed public statements. Nothing in the decision suggests

---

simplicity's sake, Plaintiffs will refer to the certified copy of the Doe judgment as the Supreme Court's "mandate."

that the plaintiffs here cannot try to marshal the additional evidence necessary to prove their equal protection claim." *Doe v. Mullin*, No. 25-cv-15483, Dkt. 89 at *13 (N.D. Ill. July 9, 2026) (cleaned up). The court added "[n]or is there a basis to conclude, at this stage, that such discovery would be futile" because "it is of course possible that evidence of internal decisionmaking may reveal a discriminatory motive not clearly reflected in public statements." *Id*. So too here.

**Defendants' Proposal**

Defendants currently do not have an understanding on how Plaintiffs intend to proceed with this matter. The Supreme Court held that Plaintiffs' claims under the Administrative Procedure Act are clearly barred by 8 U.S.C. § 1254a(b)(5)(A), and their constitutional claims are in serious doubt given the Supreme Court's reservation of the question whether the TPS statute bars constitutional claims and its holding that Plaintiffs' constitutional claim is not likely to succeed. Given these concerns, Defendants propose two alternative schedules below depending on Plaintiffs' intentions.[2] Regardless of the schedule that is entered, Defendants propose that all discovery obligations be stayed.[3] The parties should have an opportunity to brief the merits of Plaintiffs' operative complaint before this Court before expending more time and resources on discovery.

---

[2]    These schedules account for government counsel's competing litigation deadlines, upcoming familial obligations, and leave schedules.

[3]    Defendants disagree with Plaintiffs' characterization of the discovery produced so far. Additionally, the current discovery effort is focused on Plaintiffs' claims under the Administrative Procedure Act. To the extent that Plaintiffs intend to litigate any redactions in an attempt to build out their constitutional claim, Defendants would oppose that effort and Plaintiffs' suggestion alone seems to further support the need to stay discovery pending these issues. The staying of discovery is further supported by Plaintiffs' intention to rely on discovery from another case handled by a different judge in a different jurisdiction.

**I.      Proposed Schedule if Plaintiffs' Intend to Amend their Complaint.**

- Plaintiffs file their third amended complaint no later than August 10, 2026;

- Defendants file their motion to dismiss no later than September 16, 2026;

- Plaintiffs file their opposition to the motion to dismiss no later than October 16, 2026;

- Defendants file their reply in further support of the motion to dismiss no later than November 6, 2026.

**II.      Proposed Schedule if Plaintiffs Do Not Intend Amend their Complaint.**

- Defendants file their answer to Plaintiffs' second amended complaint no later than August 21, 2026;

- Defendants file their motion for judgment on the pleadings no later than September 16, 2026;

- Plaintiffs file their opposition to the motion to for judgment on the pleadings no later than October 16, 2026;

- Defendants file their reply in further support of the motion for judgment on the pleadings no later than November 6, 2026.

*      *      *

Dated:  July 10, 2026                    Respectfully submitted,

                                         JEANINE FERRIS PIRRO
                                         United States Attorney

                                         By:        /s/ Dhruman Y. Sampat
                                             DHRUMAN Y. SAMPAT
                                             Assistant United States Attorney
                                             601 D Street, NW
                                             Washington, DC 20530
                                             (202) 252-2525
                                             dhruman.sampat@usdoj.gov

                                         *Attorneys for the United States of America*

                                         By:     /s/ Geoffrey M. Pipoly
                                             Geoffrey M. Pipoly
                                             BRYAN CAVE LEIGHTON PAISNER, LLP
                                             161 N. Clark Street, Ste. 4300
                                             Chicago, IL 60601
                                             Phone: (312) 602-5000
                                             geoff.pipoly@bclplaw.com

                                         *Attorney for Plaintiffs*