UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRITZ EMMANUEL LESLY MIOT, et al.,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 25-2471 (ACR) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Donald J. Trump, United States of America, Department of Homeland Security, and Markwayne Mullin, in their official capacities, (collectively "the Government"), by and through undersigned counsel, hereby submits this Answer to Plaintiffs' Second Amended Complaint (ECF No. 90). The Government expressly denies all allegations that are not specifically admitted or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, the Government may refer to such materials for their accurate and complete contents in response; however, the Government's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. The Government responds to the numbered and any unnumbered paragraphs[1] in the Second Amended Complaint as follows:

[1] For ease of reference, the Government replicates the headings contained in the Second Amended Complaint. Although the Government believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PRELIMINARY STATEMENT[2]

Plaintiffs' preliminary statement consists of an improper narrative and characterizations to which no response is required. To the extent that a response is required, the Government denies allegations unsupported by any citations. For allegations that contain citations, the Government refers the Court to the source of the allegation and denies any allegation inconsistent with the source.

## PARTIES

1. The Government denies that Plaintiff Fritz Emmanuel Lesly Miot ("Miot") is currently a recipient of Temporary Protected Status ("TPS") and denies that he currently has work authorization based on TPS. The Government avers that, at the time the Second Amended Complaint was filed on December 19, 2025, Miot had held valid TPS status since 2011 and had valid work authorization based on that TPS status. The remainder of this paragraph consists of allegations for which the Government lacks sufficient information to admit or deny. To the extent this paragraph contains legal conclusions and characterizations of Plaintiffs' claims in this action, no response is required.

2. The Government denies that Plaintiff Rudolph Civil ("Civil") is currently a recipient of TPS and denies that he currently has work authorization based on TPS. The Government avers that, at the time the Second Amended Complaint was filed on December 19, 2025, Civil held valid TPS status. The Government further avers that Civil currently has employment authorization valid through July 16, 2030, based on a pending request for an immigration benefit. The Government further avers that, at the time the allegation was made, Civil

[2] While Plaintiffs' Second Amended Complaint does not contain this header, the Government deems pages 1 through 9 as the Preliminary Statement.

had held valid TPS status since November 3, 2011. The remainder of this paragraph consists of allegations for which the Government lacks sufficient information to admit or deny. To the extent this paragraph contains legal conclusions and characterizations of Plaintiffs' claims in this action, no response is required.

3. The Government denies that Plaintiff Marlene Gail Noble ("Noble") is currently a recipient of TPS and denies that she currently has work authorization based on TPS. The Government avers that, at the time the Second Amended Complaint was filed on December 19, 2025, Noble held valid TPS status and had valid employment authorization based on that TPS status. The Government further avers that, at the time the allegation was made, Noble had held valid TPS status since April 9, 2024. The remainder of this paragraph consists of allegations for which the Government lacks sufficient information to admit or deny. To the extent this paragraph contains legal conclusions and characterizations of Plaintiffs' claims in this action, no response is required.

4. The Government denies that Plaintiff Marlica Merline Laguerre ("Laguerre") is currently a recipient of TPS and denies that she currently has employment authorization based on TPS. The Government avers that, at the time the Second Amended Complaint was filed on December 19, 2025, Laguerre held valid TPS status and had valid employment authorization based on that status. The Government further avers that Laguerre currently has employment authorization valid through December 22, 2027, but that her current employment authorization is based on a pending request for an immigration benefit. The Government further avers that, at the time the allegation was made, Laguerre had held valid TPS status since June 10, 2010. The remainder of this paragraph consists of allegations for which the Government lacks sufficient

information to admit or deny. To the extent this paragraph contains legal conclusions and characterizations of Plaintiffs' claims in this action, no response is required.

5. The Government denies that Plaintiff Vilbrun Dorsainvil ("Dorsainvil") is currently a recipient of TPS and denies that he currently has employment authorization based on TPS. The Government avers that at the time the Second Amended Complaint was filed on December 19, 2025, Dorsainvil held valid TPS status and had valid employment authorization based on that status. The Government further avers that Dorsainvil currently has employment authorization valid through June 16, 2027, but that employment authorization is based on a pending request for an immigration benefit. The Government further avers that, at the time the allegation was made, Dorsainvil had held valid TPS status since February 22, 2022. The remainder of this paragraph consists of allegations for which the Government lacks sufficient information to admit or deny. To the extent this paragraph contains legal conclusions and characterizations of Plaintiffs' claims in this action, no response is required.

6. This paragraph consists of Plaintiffs' characterization of their lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the Government denies that this action is brought on behalf of a proposed class given Plaintiffs' representation that they are withdrawing their motion for class certification, and that the proposed class would meet the requirements for class certification.

7. The Government admits that Donald J. Trump is the President of the United States. The remaining allegation is a legal conclusion, to which no response is required.

8. This paragraph consists of legal conclusions, to which no response is required.

9. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, the Government admits that the Department of Homeland

Security is responsible for designating countries whose nationals may receive TPS, and for administering the TPS program.

10. The Government denies that Kristi Noem is currently the Secretary of Homeland Security but avers that she was the Secretary at the Second Amended Complaint was filed on December 19, 2025. The Government admits that former Secretary Noem made, and then published in a Federal Register Notice, the decision to partially vacate the June 4, 2024, decision of former Secretary Alejandro Mayorkas regarding the extension of the designation of Haiti for Temporary Protected Status and the new designation of Haiti for TPS. The Government admits that former Secretary Noem made, and then published in Federal Register Notices, the 2025 decisions to terminate Haiti's TPS designation. The Government further avers that Markwayne Mullin is now the Secretary of Homeland Security. The remainder of this paragraph constitutes a legal conclusion, to which no response is required.

## JURISDICTION AND VENUE

11. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, the Government denies.

12. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, the Government denies.

13. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, the Government denies.

## LEGAL FRAMEWORK

14. This paragraph consists of legal conclusions, to which no response is required.

15. This paragraph consists of legal conclusions, to which no response is required.

16. This paragraph consists of legal conclusions, to which no response is required.

17. This paragraph consists of legal conclusions, to which no response is required.

18. This paragraph consists of legal conclusions, to which no response is required.

19. This paragraph consists of legal conclusions, to which no response is required.

20. This paragraph consists of legal conclusions, to which no response is required.

21. This paragraph consists of legal conclusions, to which no response is required.

22. This paragraph consists of legal conclusions, to which no response is required.

23. This paragraph consists of legal conclusions, to which no response is required.

24. This paragraph consists of legal conclusions, to which no response is required.

25. This paragraph consists of legal conclusions, to which no response is required.

26. This paragraph consists of legal conclusions, to which no response is required.

27. This paragraph consists of legal conclusions, to which no response is required. This paragraph also consists of Plaintiffs' characterization of a district court opinion, with which the Government disagrees and to which no response is required.

28. This paragraph consists of legal conclusions, to which no response is required. This paragraph also consists of Plaintiffs' characterization of a district court opinion, with which the Government disagrees and to which no response is required.

29. This paragraph consists of legal conclusions, to which no response is required.

30. This paragraph consists of legal conclusions, to which no response is required.

31. This paragraph consists of Plaintiffs' characterization of a district court opinion that the Government has appealed, to which no response is required.

## FACTUAL ALLEGATIONS

### I. <u>History of Haiti's TPS</u>

#### A. Initial Designation: January 2010

32. The Government admits that Haiti was initially designated for TPS in 2010 during the Obama Administration after an earthquake, and that Haiti's TPS designation was extended or

newly designated multiple times between 2011 and 2015. The other allegations in this paragraph constitute Plaintiffs' characterization of Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the contents of referenced Federal Register Notices, which are the best evidence of their contents.

33. This paragraph consists of legal conclusions, to which no response is required. This paragraph also consists of Plaintiffs' characterization of a district court opinion, with which the Government disagrees and to which no response is required.

**B. Designation: January 2021**

34. The Government admits that former Secretary Alejandro Mayorkas designated Haiti for TPS, effective August 3, 2021. The remainder of this paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

35. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

36. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

37. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

38. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

39. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

40. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

41. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

42. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

**C. Redesignation and extension: January 2023[3]**

43. The Government admits that former Secretary of Homeland Security Alejandro Mayorkas announced his decision to newly designate and extend Haiti's TPS designation on January 26, 2023. The remaining allegations in this paragraph consist of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a

[3] The Government uses the header verbatim as Plaintiffs have. The Government's use does not admit allegations contained in this header, and to the extent that a response is required to these allegations, the Government denies them.

response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

44. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which speaks for itself and is the best evidence of its content.

45. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

46. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

47. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

48. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

49. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

**D. Redesignation and extension: July 2024**[4]

50. The Government admits that former Secretary of Homeland Security Alejandro Mayorkas announced his decision to newly designate and extend Haiti's TPS designation on July 1, 2024. The remainder of this paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

51. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

52. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

53. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

54. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

---

[4] The Government uses the header verbatim as Plaintiffs have. The Government's use does not admit allegations contained in this header, and to the extent that a response is required to these allegations, the Government denies them.

55. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

## II. The Trump Administration's Preordained Agenda to End TPS for Haiti[5]

56. This paragraph consists of legal conclusions, to which no response is required. This paragraph further consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees.

57. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required, the Government denies the allegations.

58. The Government lacks sufficient information to admit or deny the vague references to unspecified comments that the President made while he was campaigning for office. To the extent that a response is required, the Government admits that the President, then a candidate for office, said that he would end TPS for Haiti.

59. The Government admits to the contents of the cited public statements made by the President but avers that he was not the sitting President at the time of those statements. This paragraph also consists of Plaintiffs' characterization of a news article to which no response is required. To the extent that a response is deemed required, the Government refers the Court to the cited source which is the best evidence for a complete and accurate statement of its contents. The Government denies the remaining allegations in the paragraph.

60. The Government admits to the contents of the cited public statements made by the President but avers that he was not the sitting President at the time of those statements. This

[5] The Government uses the header verbatim as Plaintiffs have. The Government's use does not admit allegations contained in this header, and to the extent that a response is required to these allegations, the Government denies them.

paragraph also consists of Plaintiffs' characterization of a news article to which no response is required. To the extent that a response is deemed required, the Government refers the Court to the cited source which is the best evidence for a complete and accurate statement of its contents. The Government denies any remaining allegations in this paragraph.

61. This paragraph consists of legal conclusions to which no response is required. The Government admits to the contents of the cited public statements made by the Vice President but avers that he was not the sitting Vice President at the time of those statements. The Government refers the Court to the cited sources for a complete and accurate statement of their contents and denies any allegations inconsistent with those sources. The Government denies any remaining allegations.

62. The first sentence consists of Plaintiffs' characterization of their claims to which no response is required. With respect to the second sentence, the Government respectfully refers the Court to the cited source, which is the best evidence of its content.

63. The Government avers that former Secretary Noem is no longer the Secretary of Homeland Security. This paragraph consists of legal conclusions and of Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies. This paragraph also consists of Plaintiffs' characterization of a social media post, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the social media post, which speaks for itself and is the best evidence of its content.

64. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies. This paragraph also consists of

Plaintiff's characterization of a district court opinion, to which no response is required and with which the Government disagrees.

## III. <u>President Trump's Motivation for Terminating TPS: Discriminatory Animus Against Haitians and Other Non-White Immigrants[6]</u>

65. This paragraph consists of vague characterizations and accusations of demeanor and motive and vague references to unspecified allegations that do not provide any factual allegations and to which no response is required. This paragraph also consists of legal conclusions to which no response is required.

66. This paragraph consists of Plaintiffs' characterizations and accusations of demeanor to which no response is required. To the extent that a response is deemed required, the Government refers the Court to the cited source, which is the best evidence for a complete and accurate statement of its contents. The Government denies any remaining allegations in the paragraph.

67. This paragraph consists of Plaintiffs' characterizations and accusations of demeanor to which no response is required. To the extent that a response is deemed required, the Government refers the Court to the cited source, a court opinion with which the Government disagrees, which is the best evidence for a complete and accurate statement of its contents. The Government denies any remaining allegations in the paragraph.

68. This paragraph consists of Plaintiffs' characterizations and accusations of demeanor to which no response is required. To the extent that a response is deemed required, the Government refers the Court to the cited source, which is the best evidence for a complete and

---

6 The Government uses the header verbatim as Plaintiffs have. The Government's use does not admit allegations contained in this header, and to the extent that a response is required to these allegations, the Government denies them.

accurate statement of its contents. The Government denies any remaining allegations in the paragraph.

69. This paragraph consists of Plaintiffs' characterizations which no response is required. To the extent that a response is deemed required, the Government refers the Court to the cited source which is the best evidence for a complete and accurate statement of its contents. The Government denies any remaining allegations in the paragraph.

70. This paragraph consists of Plaintiff's characterization of data in sources by a separate government agency (the Central Intelligence Agency), to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the data and cited sources, which speak for themselves and are the best evidence of their contents.

71. This paragraph consists of Plaintiffs' characterizations of a third-party's statement to which no response is required. To the extent that a response is deemed required, the Government refers the Court to the cited source for a complete and accurate statement of its contents.

72. This paragraph consists of Plaintiffs' characterizations and accusations of motive and related to a court opinion as well as legal conclusions to which no response is required. To the extent that a response is deemed required, the Government refers the Court to the cited court opinion, with which the Government disagrees, which is a complete and accurate statement of its contents. Further, the paragraph further consists of Plaintiffs' characterization of handwritten notes purportedly referenced in a district court opinion, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the handwritten notes, which speak for themselves and are the best evidence of their contents The Government denies any remaining allegations in the paragraph.

73. This paragraph consists of Plaintiffs' characterizations and accusations of motive, to which no response is required. To the extent that a response is deemed required, the Government denies.

74. This paragraph consists of Plaintiffs' characterization of a third-party source, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited source which is the best evidence of its content.

75. This paragraph consists of Plaintiffs' characterization of an email exhibit purportedly filed in district court litigation, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited email, which is the best evidence of its content.

76. This paragraph consists of Plaintiffs' characterization of an email exhibit purportedly filed in district court litigation, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited email, which is the best evidence of its content.

77. This paragraph consists of Plaintiffs' characterization of a third-party source and district court opinion, to which no response is required. To the extent a response is required, the Government disagrees with the district court opinion and respectfully refers the Court to the cited source, which is the best evidence of its content.

78. This paragraph consists of Plaintiffs' characterization of an email purportedly referenced in district court litigation, to which no response is required. To the extent a response is required, the Government disagrees with the district court opinion and respectfully refers the Court to the cited email, which is the best evidence of its contents.

79. This paragraph consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees.

80. This paragraph consists of Plaintiffs' characterization of motive and third-party sources, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited sources, which are the best evidence of their contents. The Government denies all remaining allegations.

81. This paragraph consists of vague characterizations and accusations of demeanor and motive to which no response is required. This paragraph also consists of legal conclusions to which no response is required. To the extent that a response is deemed required, the Government denies the allegations.

82. This paragraph consists of Plaintiffs' characterization of then-candidate Trump's public remarks to which no response is required. However, the Government avers that there are material misspellings in the Second Amended Complaint's quotations, and the Government therefore denies the allegations in this paragraph.

83. This paragraph consists of vague characterizations and accusations of demeanor and motive and vague references to unspecified allegations that do not provide any factual allegations and to which no response is required. This paragraph also consists of legal conclusions to which no response is required. The Government admits that Plaintiffs procedurally go on to describe their comments but deny any allegations related to the substance of those comments to the extent that Plaintiffs allege those in this paragraph.

84. This paragraph consists of Plaintiffs' characterization of unidentified and out-of-context statements contained in various sources and characterization of demeanor and motive to which no response is required. To the extent that a response is required, the Government refers

the Court to the cited sources for a complete and accurate statement of their contents. The Government denies all remaining allegations.

85. This paragraph consists of Plaintiffs' characterization of statements contained in various sources and characterization of demeanor and motive to which no response is required. To the extent that a response is required, the Government refers the Court to the cited sources for a complete and accurate statement of their contents. The Government denies all remaining allegations.

86. This paragraph consists of Plaintiffs' characterization of statements contained in a cited source and characterization of demeanor and motive to which no response is required. To the extent that a response is required, the Government refers the Court to the cited source for a complete and accurate statement of its contents. The Government denies all remaining allegations.

87. This paragraph consists of Plaintiffs' characterization of public statements, motive, and demeanor to which no response is required. The Government admits the contents of the President's public statements but avers that President Trump was not the sitting President at the time of those statements. The Government refers the Court to the cited source for a complete and accurate statement of its contents. The Government denies any remaining allegations.

88. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and of third-party statements contained in a cited source to which no response is required. To the extent that a response is required, the Government refers the Court to the source for a complete and accurate statement of its contents. The Government denies any remaining allegations.

89. This paragraph consists of Plaintiffs' characterization of public statements and third-party statements contained in a cited source to which no response is required. To the extent

that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

90. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and of third-party statements contained in a cited source to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

91. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and of third-party statements contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

92. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and of third-party statements contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

93. This paragraph consists of Plaintiffs' characterization of public statements, motive, and demeanor as contained in a cited source to which no response is required. The paragraph also consists of legal conclusions and characterizations of a court opinion to which no response is

required and one with which the Government disagrees. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

94. This paragraph consists of Plaintiffs' characterization of public statements, motive, and demeanor as contained in a cited source to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

95. This paragraph consists of Plaintiffs' characterization of public statements, motive, and demeanor as contained in a cited source to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations

96. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor and of third-party sources and a social media statement, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited sources and social media post, which are the best evidence of their contents. The Government denies any remaining allegations.

97. This paragraph consists of Plaintiffs' characterization of public statements and third-party sources to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

98. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

99. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

100. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

101. This paragraph consists of Plaintiffs' characterization of public statements, and third-party sources as contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

102. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required.

The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

103. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

104. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

105. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and an alleged email in third-party sources as contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents of the alleged email for a complete and accurate statement of the source's contents. The Government denies any remaining allegations.

106. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

107. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

108. This paragraph consists of Plaintiffs' characterization of public statements, motive, demeanor, and third-party sources as contained in a cited source to which no response is required. The paragraph also consists of legal conclusions to which no response is required. To the extent that a response is required, the Government refers the Court to the source containing the relevant contents for a complete and accurate statement of its contents. The Government denies any remaining allegations.

109. This paragraph consists of Plaintiffs' characterization of motive, demeanor, third-party sources, and a social media post, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited sources and the social media post, which are the best evidence of their content. This paragraph further consists of Plaintiffs'

characterization of their claims and legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

110. This paragraph consists of Plaintiffs' characterization of a social media post and a third-party source, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the social media post and the cited source which are the best evidence of their contents. To the extent a response is required, the Government denies.

111. This paragraph consists of Plaintiffs' characterization of motive, demeanor, and of former Secretary Noem's statements, purportedly in a district court opinion that the Government disagrees with and appealed, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced statements, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of a district court opinion, which the Government has appealed and to which no response is required. This paragraph further consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

112. This paragraph consists of Plaintiffs' characterization of a third-party source, to which no response is required. This paragraph also consists of legal conclusions, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited source, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of their legal claims, to which no response is required. To the extent a response is required, the Government denies.

113. This paragraph consists of Plaintiffs' characterization of an alleged immigration policy and a social media post, to which no response is required. To the extent a response is

required, the Government respectfully refers the Court to the social medial post which is the best evidence of its content.

114. This paragraph consists of Plaintiffs' characterization of third-party sources, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited sources, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government lacks sufficient information and knowledge as the allegations pertaining to "far-right groups" and Julia Ebner, and denies any remaining allegations.

115. This paragraph consists of Plaintiffs' characterization of a third-party source, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited source, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies.

116. The Government admits that former Secretary Noem appeared on NBC's *Meet the Press* on November 30, 2025. Otherwise, this paragraph consists of Plaintiffs' characterization of the transcript from that appearance, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited transcript which is the best evidence of its contents.

117. This paragraph consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees. This paragraph also consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

## IV. Upon Taking Office, President Trump and his Surrogates Follow Through on the Plan to End Haiti's TPS

### A. February 12, 2025 "Partial Vacatur"

118. The Government admits.

119. The Government admits the allegation but avers that Executive Order 14159 required that, "designations of Temporary Protected Status are consistent with the provisions of section 244 of the INA (8 U.S.C. 1254a), and that such designations are appropriately limited in scope and made for only so long as may be necessary to fulfill the textual requirements of that statute."

120. The Government admits.

121. The Government admits that former Secretary Noem partially vacated the June 4, 2024, decision of former Secretary Mayorkas regarding the extension of Haiti's TPS designation and Haiti's new TPS designation, and published that decision at 90 Fed. Reg. 10511 on February 24, 2025. The Government admits that the Federal Register Notice stated, "the Haiti TPS extension and new designation will expire on August 3, 2025, instead of February 3, 2026." The remainder of the paragraph consists of Plaintiff's characterization of their claims in this action and legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

122. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, and a press release, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice and press release, which are the best evidence of their contents. This paragraph further consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

123. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. This paragraph also consists of legal conclusions, to which no response is required.

124. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. The Government denies any remaining allegations.

125. This paragraph consists of Plaintiffs' characterization of the claims in this action and legal conclusions, to which no response is required.

126. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the actions alleged in this paragraph were contrary to statutory requirements.

127. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph further consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

128. This paragraph consists of Plaintiffs' characterization of a social media post and an interview transcript, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the social media post and interview transcript, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

129. This paragraph consists of Plaintiffs' characterization of a district court opinion, to which no response is required. To the extent that a response is required, the Government admits that the Court in *Haitian Evangelical Clergy Ass'n et al. v. Trump*, 789 F. Supp. 3d 255 (E.D.N.Y. 2025) concluded that Secretary Noem's partial vacatur of former Secretary Mayorkas' decision to extend Haiti's TPS designation and newly designate Haiti for TPS was unlawful. The Government disagrees with the court's decision and has appealed.

130. This paragraph consists of Plaintiffs' characterization of a district court opinion and legal conclusions, to which no response is required. To the extent a response is deemed required, the Government admits that the quoted language appears in the court's decision. The Government disagrees with the ruling and has appealed.

131. The Government admits that Judge Cogan's set aside of the partial vacatur of former Secretary Mayorkas' decision to extend Haiti's TPS designation and newly designate Haiti for TPS in *Haitian Evangelical Clergy Ass'n et al. v. Trump*, 789 F. Supp. 3d 255 (E.D.N.Y. 2025) made the effective date of any termination of Haiti's TPS designation no earlier than February 3, 2026. The Government denies that Hatiti's TPS designation is current and remains in effect now.

## V. <u>July 1, 2025 Termination</u>

132. This paragraph consists of Plaintiffs' characterization of a DHS press release, to which no response is required. To the extent a response is required, the Government respectfully

refers the Court to the cited press release, which is the best evidence of its content. To the extent a further response is required, the Government admits.

133. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Cour to the cited Federal Register Notice, which is the best evidence of its content. To the extent a further response is required, the Government admits.

134. This paragraph consists of Plaintiffs' characterization of a court filing, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced court filing, which is the best evidence of its contents. This paragraph further consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. The Government denies all remaining allegations.

135. This paragraph consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees. This paragraph also consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

136. This paragraph consists of Plaintiffs' characterization their claims in this action and legal conclusions, to which no response is required.

137. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice and a press release, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice and press release, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies.

138. This paragraph consists of legal conclusions, to which no response is required.

139. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. The Government denies all remaining allegations.

140. This paragraph consists of Plaintiffs' characterization their claims in this action and legal conclusions, to which no response is required. To the extent that a response is required, the Government denies.

141. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required.

142. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required.

143. This paragraph consists of Plaintiffs' characterization a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its

contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required.

144. This paragraph consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required.

145. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required.

146. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the TPS termination for Haiti announced on July 1, 2025 was preordained or pretextual.

147. This paragraph consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. This paragraph also consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees.

148. This paragraph consists of Plaintiffs' characterization of five Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best

evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims in this matter and legal conclusions, to which no response is required.

149. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees. This paragraph further consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required.

150. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of their claims in this action, to which no response is required.

151. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the TPS termination for Haiti announced on July 1, 2025 was pretextual.

152. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

153. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

154. This paragraph consists of Plaintiffs' characterization of their claims and data, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced data which is the best evidence of its contents.

155. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

156. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced data which is the best evidence of its contents.

157. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced data which is the best evidence of its contents.

158. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced data which is the best evidence of its contents.

159. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced data which is the best evidence of its contents.

160. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced data which is the best evidence of its contents.

161. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced data which is the best evidence of its contents.

162. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent that a response is required, the Government denies the allegations. This paragraph also consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

163. The Government admits that former Secretary Mayorkas extended and newly designated Haiti for TPS in July 2024. This paragraph otherwise consists of Plaintiffs' characterization of their claims in this matter and data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced data which speaks for itself and is the best evidence of its contents.

164. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice and data, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Norice and data, which are the best evidence of their contents. The remainder of this paragraph consists of Plaintiffs' characterization of their claims in this matter and legal conclusions, to which no response is required. The Government denies all remaining allegations.

165. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents.

166. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

167. This paragraph consists of Plaintiffs' characterization of their claims and public statements to which no response is required. The paragraph also consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. Any remaining factual allegation is denied.

168. This paragraph consists of Plaintiffs' characterization of their claims in this action, to which no response is required. This paragraph also consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. Any remaining factual allegation is denied.

169. This paragraph consists of Plaintiffs' characterization of their claims in this action, to which no response is required. This paragraph also consists of Plaintiffs' characterization of third-party sources, to which no response is required. To the extent a response is required, the

Government respectfully refers the Court to the cited sources, which are the best evidence of their contents. Any remaining factual allegation is denied.

170. This paragraph consists of Plaintiffs' characterizations of their claims in this action, to which no response is required. This paragraph also consists of Plaintiffs' characterization of data in a third-party source, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the data in the cited third-party source, which is the best evidence of its content. Any remaining factual allegation is denied.

171. This paragraph consists of Plaintiffs' characterizations of their claims and legal conclusions, to which no response is required.

172. The Government admits that USCIS maintains information concerning TPS holders with criminality-related issues and concerning certain TPS holders whose TPS has been withdrawn based on criminality-related grounds. The Government denies that it presently has readily available data sufficient to determine a single aggregate number of TPS holders who have lost TPS because they committed crimes.

173. This paragraph consists of legal conclusions, to which no response is required.

174. This paragraph consists of Plaintiffs' characterization of third-party sources and a governmental form, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the governmental form and the cited sources which are the best evidence of their contents.

175. This paragraph consists of a legal conclusion, to which no response is required.

176. This paragraph consists of Plaintiffs' characterizations of a Federal Register Notice and data, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice and data, which are the best

evidence of their content. This paragraph also consists of speculation and Plaintiffs' characterization of their claim, to which no response is required.

177. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is required, the Government denies. To the extent a response is required, the Government denies that the TPS termination for Haiti announced on July 1, 2025 was predetermined.

178. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

179. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. This paragraph also consists of legal conclusions, to which no response is required. The Government admits that Charles was not a TPS holder between August 2022 and August 2024.

180. This paragraph consists of Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies.

181. This paragraph consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. This paragraph further consists of excerpts from a district court opinion, to which no response is required with which the Government disagrees.

182. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph further consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the reasons for the TPS termination for Haiti announced on July 1, 2025 were pretextual.

## VI. <u>November 28, 2025 Termination</u>

183. The Government admits that the Department of Homeland Security issued a Federal Register Notice on July 1, 2025, announcing the termination of Haiti's TPS designation. The Government admits that, in an opinion published on July 1, 2025, the United States District Court for the Eastern District of New York set aside Secretary Noem's partial vacatur of Haiti's TPS designation as unlawful, *Haitian Evangelical Clergy Ass'n v. Trump*, 789 F. Supp. 3d 255 (E.D.N.Y. 2025), which made the effective date of any TPS termination for Haiti no earlier than February 3, 2026.

184. The Government admits that former Secretary Noem issued a new decision terminating Haiti's TPS designation, published on November 28, 2025. The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. This paragraph also consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

185. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government

respectfully refers the Court to the referenced Federal Register Notices, which the est evidence of their contents.

186. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action, to which no response is required. The Government denies any remaining allegations.

187. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents. This paragraph also consists of legal conclusions, to which no response is required.

188. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims in this matter and legal conclusions, to which no response is required. The Government denies any remaining allegations.

189. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents.

190. This paragraph consists of Plaintiffs' characterization of six Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims in this matter and legal conclusions, to which no response is required.

191. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Notices, which are the best evidence of their content. This paragraph also consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees. This paragraph also consists of legal conclusions, to which no response is required.

192. This paragraph consists of Plaintiffs' characterization of their claims in this action, to which no response is required. This paragraph also consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents.

193. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the termination of the TPS designation for Haiti announced on November 28, 2025 was pretextual.

194. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents.

195. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents.

196. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents.

197. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents.

198. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices and data, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices and data, which are the best evidence of their contents.

199. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the cited data, which is the best evidence of its content.

200. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the data, which is the best evidence of its content.

201. This paragraph consists of Plaintiffs' vague references to data, to which Plaintiffs provided no citations, and therefore the Government lacks sufficient information to confirm or deny.

202. This paragraph consists of Plaintiffs' characterization of data, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the data, which is the best evidence of its content.

203. This paragraph consists of Plaintiffs' vague references to data, to which Plaintiffs provided no citations, and this the Government lacks sufficient information to confirm or deny. This paragraph further consists of Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent that a response is required, the Government denies that TPS is not a "pull factor" for illegal migration.

204. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices and data, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the cited Federal Register Notices and data, which are the best evidence of their contents. This paragraph further consists of Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. The Government denies all remaining allegations.

205. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government

respectfully refers the Court to the cited Federal Register Notices, which are the best evidence of their contents.

206. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited Federal Register Notices, which are the best evidence of their contents.

207. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited Federal Register Notices, which are the best evidence of their contents.

208. This paragraph also consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited Federal Register Notices, which are the best evidence of their contents. This paragraph also consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. Any remaining factual allegations are denied.

209. This paragraph consists of Plaintiffs' characterization of third-party sources, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited sources, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action, to which no response is required.

210. This paragraph consists of Plaintiffs' characterization of data in a third-party source, to which no response is required. To the extent a response is required, the Government

respectfully refers the Court to the data in the cited source, which is the best evidence of its contents. This paragraph also consists of Plaintiffs' characterization of their claims in this action, to which no response is required.

211. This paragraph consists of legal conclusions, to which no response is required.

212. The Government admits that USCIS maintains information concerning TPS holders with criminality-related issues and concerning certain TPS holders whose TPS has been withdrawn based on criminality-related grounds. The Government denies that it presently has readily available data sufficient to determine a single aggregate number of TPS holders who have lost TPS because they committed crimes.

213. This paragraph consists of legal conclusions, to which no response is required.

214. This paragraph consists of Plaintiffs' characterization of third-party sources and a governmental form, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the governmental form and the cited sources which are the best evidence of their contents.

215. This paragraph consists of a legal conclusion, to which no response is required.

216. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its contents. This paragraph also consists of Plaintiffs' speculation and characterization of their claims in this action, to which no response is required.

217. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best

evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the rationale for the termination of the TPS designation for Haiti announced on November 28, 2025 was predetermined.

218. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents.

219. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of legal conclusions, to which no response is required. The Government admits that Charles was not a TPS holder between August 2022 and August 2024.

220. This paragraph consists of Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies.

221. This paragraph consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. This paragraph further consists of excerpts from a district court opinion, to which no response is required and with which the Government disagrees.

222. This paragraph consists of Plaintiffs' characterization of their original complaint and two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced complaint and Federal Register Notices, which are the best evidence of their contents. This paragraph also consists of

legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the rationale for the termination of the TPS designation for Haiti announced on November 28, 2025 was pretextual.

223. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents.

224. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited Federal Register Notices, which are the best evidence of their contents. This paragraph further consists of Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies.

225. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice and a cited source in the Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice and cited source, which are the best evidence of their contents. This paragraph also consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies that the rationale for the termination of the TPS designation for Haiti announced on November 28, 2025 was pretextual.

226. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices and a third-party source, to which no response is required. To the extent a response is

required, the Government respectfully refers the Court to the referenced Federal Register Notices and the cited source, which are the best evidence of their contents. This paragraph also consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the rationale for the termination of the TPS designation for Haiti announced on November 28, 2025 was pretextual.

227. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of legal conclusions and Plaintiffs' characterization of their claims, to which no response is required.

228. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph further consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the reasons for the termination of the TPS designation for Haiti announced on November 28, 2025 were pretextual.

229. This paragraph consists of Plaintiffs' characterization of two Federal Register Notices, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notices, which are the best evidence of their contents. This paragraph also consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies.

230. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of legal conclusions, to which no response is required.

231. This paragraph consists of Plaintiffs' characterization of statements in a Federal Register Notice, State Department advisories, and social media posts, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal register Notice, State Department advisories, and cited sources, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their legal claims and legal conclusions, to which no response is required. To the extent a response is required, the Government denies that the decision to terminate Haiti's TPS designation, announced on November 28, 2025, was pretextual.

232. This paragraph consists of Plaintiffs' characterization of third-party sources, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the cited sources, which are the best evidence of their contents. This paragraph also consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies. Moreover, the Government denies that the decision to terminate Haiti's TPS designation, announced on November 28, 2025, was pretextual.

233. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice and a third-party source, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice and the cited source, which are the best evidence of their contents. This paragraph also consists of Plaintiffs' characterization of their claims and legal conclusions, to which no response is required.

To the extent a response is required, the Government denies. To the extent a response is required, the Government denies that the decision to terminate Haiti's TPS designation, announced on November 28, 2025, was pretextual.

234. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

235. This paragraph consists of Plaintiffs' characterization of a third-party source, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited source, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of their claims in this actions, to which no response is required. To the extent a response is required, the Government denies that the reference to the Gang Suppression Force in the November 28, 2025 notice announcing the termination of Haiti's TPS was pretextual.

236. This paragraph consists of Plaintiffs' characterization of the Gang Suppression Force and their claims in this action, to which no response is required. This paragraph also consists of legal conclusions and Plaintiffs' characterization of their claims in this action to which no response is required.

237. This paragraph consists of Plaintiffs' characterization of third-party sources, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited sources, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of their claims in this action, to which no response is required.

238. This paragraph consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies.

239. This paragraph consists of legal conclusions, to which no responses is required. To the extent a response is required, the Government denies that the termination of Haiti's TPS was pretextual.

240. The Government denies the allegations as written in this paragraph.

241. This paragraph consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies.

242. This paragraph consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies racial animus.

243. This paragraph consists of Plaintiffs' characterization of a press release, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the cited press release, which speaks for itself and is the best evidence of its content.

244. This paragraph consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent a response is required, the Government denies. This paragraph also consists of Plaintiffs' characterization of the Certified Administration Record in this case, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the Certified Administration Record, which is the best evidence of its content.

245. The Government admits that Rob Law, a DHS employee and now Under Secretary of Homeland Security for Strategy, Policy, & Plans, was on the email reflecting the Department of State's consultation regarding the decision to termination Haiti's TPS designation, published on November 28, 2025. Otherwise, this paragraph consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees.

246. This paragraph consists of Plaintiffs' characterization of their claims, the Certified Administrative Record, and an alleged email in a third-party source to which no response is required. To the extent that a response is deemed required, the Government refers the Court to the Certified Administrative Record and the source containing the alleged email, which is the best evidence of its content.[7]

247. This paragraph consists of Plaintiffs' characterization of the Certified Administrative Record and a district court opinion, to which no response is required and with which the Government disagrees. This paragraph also consists of legal conclusions and Plaintiffs' characterization of their claims in this action, to which no response is required. To the extent that a response is required, the Government respectfully refers the Court to the Certified Administrative Record which is the best evidence of its content. The Government denies any remaining allegations.

248. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent that a response is required, the Government refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This

[7] Plaintiffs' Second Amended Complaint misspells Mr. Chretien's name, so the Government avers that it is properly spelled as "Spencer Chretien."

paragraph also consists of Plaintiffs' characterization of their claims in this action and legal conclusions, to which no response is required.

## VII. President Trump's Unlawful Attempt to Terminate Haiti's TPS During His First Administration

249. This paragraph consists of Plaintiffs' characterizations of their claims and motive to which no response is required. To the extent that a response is deemed required, the Government admits that a decision to terminate Haiti's TPS designation was made 2018.

250. This paragraph consists of Plaintiffs' characterization of their claims, motive, and a district court opinion, to which no response is required and with which the Government disagrees. This paragraph also consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

251. This paragraph consists of Plaintiffs' characterization of a court opinion, to which no response is required and with which the Government disagrees. To the extent a response is required, the Government admits that former Acting Secretary of Homeland Security Elaine Duke announced in a press release her decision to terminate the TPS designation for Haiti in November 2017.

252. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

253. This paragraph consists of Plaintiffs' characterization of uncited prior litigation, related parties, and raised claims in this action, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced complaint and the litigation history of the uncited matter for a complete and accurate representation of what

occurred and how that case proceeded. To the extent that a further response is required, the Government lacks sufficient information to confirm or deny.

254. This paragraph consists of Plaintiffs' characterization of a court opinion, to which no response is required and with which the Government disagrees.

255. This paragraph consists of Plaintiffs' characterization of a court opinion, to which no response is required and with which the Government disagrees.

256. This paragraph consists of Plaintiffs' characterization of a court opinion, to which no response is required and with which the Government disagrees.

257. This paragraph consists of Plaintiffs' characterization of a court opinion, to which no response is required and with which the Government disagrees.

258. This paragraph consists of legal conclusions and Plaintiffs' characterization of the referenced litigation, to which no response is required. This paragraph also consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the court to the referenced Federal Register Notice, which is the best evidence of its content. To the extent a further response is required, the Government admits that then-Secretary of Homeland Security Alejandro Mayorkas designated Haiti for TPS, announced August 2021, and that the parties agreed to the stipulation of dismissal.

## VIII. <u>The Extraordinary Harms TPS Holders Will Suffer Because of the Termination</u>

259. This paragraph consists of Plaintiffs' characterization of their claims and allegations that could be construed as legal conclusions, to which no response is required. To the extent that a response is required, the Government acks sufficient information to admit or deny the allegations in this paragraph.

260. This paragraph consists of Plaintiffs' characterization of their claims and allegations that could be construed as legal conclusions to which no response is required. To the extent that a response is required, the Government lacks sufficient information to admit or deny the allegations in this paragraph.

261. This paragraph consists of Plaintiffs' characterization of their claims and allegations that could be construed as legal conclusions to which no response is required. To the extent that a response is required, the Government lacks sufficient information to admit or deny the allegations in this paragraph.

262. This paragraph consists of Plaintiffs' characterization of their claims and allegations that could be construed as legal conclusions to which no response is required. To the extent that a response is required, the Government lacks sufficient information to admit or deny the allegations in this paragraph.

263. This paragraph consists of Plaintiffs' characterization of their claims and allegations that could be construed as legal conclusions to which no response is required. To the extent that a response is required, the Government lacks sufficient information to admit or deny the allegations in this paragraph.

## IX. Class Allegations

264. This paragraph consists of Plaintiffs' characterization of their action, to which no response is necessary. To the extent a response is required, the Government denies that Plaintiffs continue to proceed as a class action.

265. This paragraph consists of Plaintiffs' legal conclusions and proposed class definition, to which no response is necessary. To the extent a response is required, the Government denies that Plaintiffs continue to proceed as a class action.

266. This paragraph consists of Plaintiffs' legal conclusions and proposed class definition, to which no response is necessary. To the extent that a response is required, the Government denies that Plaintiffs continue to proceed as a class action. This paragraph also consists of Plaintiffs' characterization of a Federal Register Notice, to which no response is required. To the extent a responses is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content.

267. This paragraph consists of Plaintiffs' legal conclusions, to which no response is necessary. To the extent a response is required, the Government denies that Plaintiffs continue to proceed as a class action. Moreover, the Government denies that individuals "face the imminent loss of work authorization and protections from deportations" and aver that work authorization based on Haiti's TPS designation and protections from deportations based on TPS status are no longer in effect.

268. This paragraph consists of Plaintiffs' legal conclusions, to which no response is necessary. To the extent a response is required, the Government denies that Plaintiffs continue to proceed as a class action.

269. This paragraph consists of Plaintiffs' legal conclusions, to which no response is necessary. To the extent a response is required, the Government denies that Plaintiffs continue to proceed as a class action.

270. This paragraph consists of Plaintiffs' legal conclusions, to which no response is necessary. To the extent a response is required, the Government denies that Plaintiffs continue to proceed as a class action.

## CLAIMS FOR RELIEF

### I. <u>Count One – Administrative Procedure Act</u>

271. The Government incorporates by reference its responses to all preceding paragraphs as fully set forth herein.

272. This paragraph consists of legal conclusions and Plaintiffs' characterizations of statutory provisions, to which no response is required.

273. This paragraph consists of legal conclusions and Plaintiffs' characterizations of statutory provisions, to which no response is required.

274. This paragraph consists of Plaintiffs' characterization of various governmental actions and a Federal Register Notice, to which no response is required. To the extent a response is required, the Government respectfully refers the Court to the referenced Federal Register Notice, which speaks for itself and is the best evidence of its content.

275. This paragraph consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees and appealed.

276. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no responses is required. To the extent a response is required the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. This paragraph also consists of Plaintiffs' characterization of a district court opinion, to which no response is required and which the Government disagrees and appealed.

277. This paragraph consists of Plaintiffs' characterization of a Federal Register Notice, to which no responses is required. To the extent a response is required the Government respectfully refers the Court to the referenced Federal Register Notice, which is the best evidence of its content. To the extent a further response is required, the Government admits.

278. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required, the Government denies.

279. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required, the Government denies.

280. This paragraph consists of legal conclusions, to which no response is required. This paragraph further consists of Plaintiffs' characterization of a district court opinion, to which no response is required and with which the Government disagrees. To the extent that a response is required, the Government denies.

281. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required, the Government denies.

## II. <u>Court Two – Fifth Amendment – Equal Protection</u>

282. The Government incorporates by reference its responses to all preceding paragraphs as fully set forth herein.

283. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

284. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, the Government denies.

## PRAYER FOR RELIEF

The remaining paragraphs in the Second Amended Complaint set forth Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, the Government denies that Plaintiffs are entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the Government assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted here.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly imposed upon Plaintiff.

### FIRST DEFENSE

The Court lacks subject matter jurisdiction.

### SECOND DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

### FOURTH DEFENSE

The Government followed the proper procedures in terminating Haiti's TPS designation.

### FIFTH DEFENSE

The Government did not act with discriminatory animus when it terminated Haiti's TPS designation.

### SIXTH DEFENSE

The Court lacks authority to issue any order that exceeds and impacts the plaintiffs in this litigation.

### SEVENTH DEFENSE

The Court lacks authority to issue any relief.

Dated: October 20, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s\/ Dhruman Y. Sampat*

DHRUMAN Y. SAMPAT
AMANDA L. TORRES
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2525
dhruman.sampat@usdoj.gov

*Attorneys for the United States of America*